## State of Vermont v. Harris Brisson

[ 201 A.2d 881 ]

April Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.

Opinion Filed June 2, 1964

*Peter F. Langrock,* State's Attorney, for the State.

*John T. Conley* for the respondent.

**Barney, J.** Ten days elapsed between the selection of the jury and the trial of this criminal case. During that time the jurors were allowed to return to their homes and usual pursuits. The charge to be tried was a misdemeanor, breach of the peace involving an assault. Cautionary instructions were given by the Municipal Court, directing them to avoid exposure outside of court to anything pertaining to the case for which they had been selected, so as to prevent prejudice to the interests of the State or the respondent.

This was not enough, says the respondent. A fair trial cannot be had, in his view, after the jurors have been allowed, over his objection, to be at large in the community for so long a period, informed as to the parties and the nature of the matter eventually to be submitted to them. It is his contention that there is no logical basis for allowing with respect to misdemeanors what is prohibited with respect to felonies by *State* v. *Anderson,* 119 Vt. 355, 125 A.2d 827.

The State challenges the respondent's position from two aspects. In the first place, the adequacy of the steps taken to preserve the issue by the respondent is questioned. Secondly, the State insists that, in any event, basing this procedural difference on the distinction between a felony and a misdemeanor is valid.

The record furnished us is not in the form of a complete transcript. The portions set out contain the following statement by counsel for the respondent:

"At this time, may it appear as a matter of record, that the jury in this case was drawn on the 17th day of September, 1963. That previous to the jury being drawn the attorney for the respondent informed the court that in the respondent's opinion the drawing of the jury and allowing them to separate was contrary to the laws of the State of Vermont. The court informed the respondent that it was going forward to draw the jury and that the respondent could go to the Supreme Court in the matter.

"Now, the respondent excepts to the allowance by the court of the separation of the jury after it was drawn. May the record show that the jury were impanelled and that the State's attorney addressed the jury stating the nature of the case and the parties involved therein . . . . On the 17th of September, 1963. The respondent excepts both as a matter of law and as a matter of discretion of (sic) the court's allowing the jury to separate from

September 17 to September 26 on which date the case is to be tried."

The court responded, "We will note your exceptions. We will overrule them and allow you an exception." The respondent then moved that the jury be dismissed on the grounds just stated. This motion was overruled by the court and the respondent allowed an exception.

The State questions the adequacy of this statement, made on September 26, 1963, at the time of the swearing in of the jury. It says the record of the proceedings on September 17, 1963, contains no written reference to any such discussion. However, the lower court recognized the issue as legitimately raised and did not find it necessary to correct the respondent's contention that the matter was put before it in fact on September 17, 1963. The record furnished indicates an objection was timely made to the proposed action of the trial court and that the court understood it to be timely, and, further, that the court fully comprehended the position of the respondent in making its ruling. The standards of *State* v. *Stone,* 123 Vt. 95, 95-6, 181 A.2d 840, were adequately met.

The propriety of separation of juries in any given situation is not a matter specifically dealt with by our statutes. The governing rules have derived from practices developed by our courts over their long history, and from the traditions of our common law heritage. But they are not rules of opposites, with separation either altogether prohibited on the one hand, or absolutely permissible on the other. Instead, it is a difference of degree. The standards begin with the most rigid, in capital cases, where no separation at all is allowed. *State* v. *Godfrey,* (1817) Brayton 170. Next, in other felony cases, separation is not allowed unless the respondent consents to it. *State* v. *Anderson, supra,* 119 Vt. 355, 361. Finally, in misdemeanor cases, like civil cases, the trial court's discretion in the matter becomes operative. *State* v. *Lawrence,* 70 Vt. 524, 530, 41 Atl. 1027.

It may be, as the respondent points out, that there are misdemeanors of seriousness as great or greater than some offenses defined as felonies. But we are not measuring the relative magnitude of various crimes here; we are determining at what point a more restrictive rule requiring the consent of the respondent can properly be reduced to the less rigid one invoking the discretion of the trial court.

In exercising this discretion, it is for the trial court to weigh concern for the prompt, orderly administration of criminal law against the possibility of jury prejudice in a given case. Our Court has said that this weighing process may properly be left to the trial court in all cases involving crimes that are no more than misdemeanors. *State v. Lawrence, supra,* 70 Vt. 524, 530. This coincides with the jurisdiction for trial of the municipal courts. 4 V.S.A. §426.

Indeed, it could be argued that there are less serious felonies which could safely be a part of the trial court's discretionary province. But that question was resolved in favor of the more restrictive approach requiring consent of the respondent by *State v. Anderson, supra,* 119 Vt. 355, 361.

■ The respondent also says that this case, in any event, represents an abuse of discretion. He makes no showing that any untoward event occurred in connection with any part of this panel, so as to cloud their impartiality. His claim of error is only that a ten-day separation between empanelling and the presentation of evidence is an abuse of discretion and prejudicial to the respondent as a matter of law. With this proposition we are not prepared to agree. We will not assume, in this case, without evidence, that the injunctions of the trial court so quickly left the minds of the jury.

To leave the case in this posture would be of little guidance to trial courts. We are aware that the municipal courts are dealing with enlarged jury calendars and a changed method of jury selection (12 V.S.A. §1501) patterned on the county court system. The administrative concerns of court operation are not minor, for delay can destroy justice.

■ On the other hand, in criminal cases, trial by jury is a constitutionally protected right. Vt. Const. Ch. I, Art. 10. Due process is involved, and the law is sensitive to any infringement or impairment. Administrative advantage must give way rather than reduce the meaning of trial by jury. For this reason, further comment on the discretionary power of trial courts to allow juries to separate may be helpful. Each case involving this issue must be, and will be, decided on its own facts. However, calling attention to certain basic considerations may aid courts to avoid prejudicing unintentionally the constitutional rights of respondents.

Although the burden is on the party claiming an abuse of discretion to demonstrate the abuse, *State* v. *Hedding,* 122 Vt. 379, 384, 172 A.2d 599, the measure of that burden is important. When dealing with the integrity of the jury he has only to show the existence of circumstances capable of prejudicing the deliberative function of the jury. He is not required to prove that they actually did so. *Bellows Falls* v. *State Highway Board,* 123 Vt. 408, 414, 190 A.2d 695.

Events or circumstances which might not be of concern where a jury is under the control and scrutiny of the court itself during trial, might be factors of greater weight when their effect on a jury at large in the community is considered. The mere passage of time between empanelling and service may itself operate to magnify the effect of otherwise minor incidents. Moreover, it is conceivable that a case could arise where the separation was so long, the control of the court over the jury so dissipated by the elapsed time, that this Court might be bound to find prejudice from that fact alone. The respondent wishes us to apply that rule here, but we have not been satisfied that it should be done.

*Judgment affirmed. Let execution be done.*