## Samuel Palmisano v. Rheem Manufacturing Company, Inc.

[349 A.2d 718]

No. 295-75

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed November 7, 1975

*Richard E. Davis, Associates, Inc.*, Barre, for Plaintiff.

*Downs, Rachlin & Martin*, St. Johnsbury, for Defendant.

**Per Curiam.** The jury, as a fact-finding component of the judicial system, has traditionally been the object of measures and requirements intended to preserve its impartiality. Concerns over possible prejudices influencing its deliberations in favor of, or against, one party or another have been a part of our case and statutory law for a very long time. See, e.g., 12 V.S.A. § 1947; *State* v. *Brisson*, 124 Vt. 211, 215, 201 A.2d 881 (1964) ; compare *Lattrell* v. *Swain*, 127 Vt. 33, 36–37, 239 A.2d 195 (1968).

■ The design of the jury selection process has been to provide, as far as possible, a panel free of prejudice toward the parties and their counsel. The conduct of the process is within the discretionary powers of the presiding judge, and he has a duty to interject himself at any point to preserve that objective of a bias-free jury, whenever circumstances or the conduct of either side seem to jeopardize it.

This opinion is not intended to lessen that burden or limit that discretion. Neither is it a denial that the operation of circumstances, or even the conduct of counsel within legal limits can have consequences that may place one party or another at a disadvantage before the panel. The system is not perfect, and probably cannot be made so.

■ However, wherever, as here, there is a choice of practices, one of which is less likely to result in favoritism or alienation between a party and the panel, the judge, in the proper exercise of his discretion, is bound to select the procedure least likely to disadvantage a party.

■ So here. The excusing of each juror as he or she is peremptorily challenged places the challenging party in a disadvantaged position, as contrasted with waiting until the selection process is complete before excusing those peremptorily challenged.

The latter is the better and approved procedure, recognized in the comment to V.R.C.P. 47, and by long-standing practice in our trial courts. The peremptory situation is not to be equated to the challenge for cause under V.R.C.P. 47(b). The necessities of a challenge for cause bring into public debate both the grounds of the challenge and identity of the challenger. There may also be a very real danger of a wholesale disqualification of the panel, if the juror challenged for valid cause is not promptly removed from the box.

In the case of the peremptory challenge, the purpose is to allow each party some freedom, by rejection that may be no more than random, to affect the composition of the panel. This privilege becomes not just meaningless, but a handicap, if it is so handled by the judge that the jury is made directly aware of which party is attempting to alter the complexion of the panel by the exercise of peremptory challenges. For this rea-

son we rule against discharge of individual jurors as they come under peremptory challenge. In cases where the drawing of a jury is long continued, and many challenges exercised, it would be within the trial judge's discretion to excuse challenged jurors in groups, so long as the objectives expressed in this opinion were properly honored.

*The order of the Washington Superior Court impanelling the jury in the above-captioned case is stricken, and the parties are to resume the process of challenge as if the defendant's counsel had not declared defendant content, and the Washington Superior Court, in dealing with peremptory challenges under V.R.C.P. 47, shall not excuse the challenged jurors until the jury is impanelled.*