## State of Vermont v. Ruth Middlebrook Shotton

[458 A.2d 1105]

No. 24-81

Present: **Billings, Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specally Assigned**

Opinion Filed February 28, 1983

*Raymond G. Bolton,* Bennington County State's Attorney, Bennington, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Peck, J.** This is an appeal by defendant from a jury verdict which found her guilty of driving while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). The sole issue presented for our review is whether the trial court erred in refusing to instruct the jury on the defense of necessity when evidence was presented which raised factual issues relating to that defense. We reverse and remand for a new trial.

At approximately 7:00 p.m. on September 5, 1980, defendant was driving on a public highway in Bennington, Vermont. A state trooper noticed that she was driving slowly, braking for no apparent reason, and occasionally crossing the center line. He turned on the blue lights and siren of his cruiser and followed her, but she gave no indication that she even saw him.

He followed her in this manner for two miles, during which time she apparently ignored or was oblivious of his efforts to stop her. Finally, she stopped at a red light and the officer pulled his vehicle in front of her, effectively blocking further movement.

The officer twice asked her to get out of her vehicle, but she continued to ignore him. He then pulled her out by the wrist. The officer noticed that her eyes were watery and bloodshot, that she staggered when she walked, and that she smelled of intoxicants. He took her to the Bennington police station where she refused to take a breath test.

At the police station defendant was crying and informed the arresting officer and another officer that she was sick and injured. After further questioning she told them that she had been assaulted and pushed down a flight of stairs by her husband and that she had been on her way to the hospital when she was stopped. The officers then took her to the emergency room, where she was found to have multiple rib fractures which required a hospital stay of five days.

At trial defendant testified that she was in agony while she was driving to the hospital, and that her staggering walk and erratic driving were the result of her injuries. She further testified that nobody else was home but her husband, and that he had been drinking heavily before the alleged assault. Her telephone was disconnected so she could not use it to call for help. The neighbors' homes were a short walk away, but she claimed to have been unwilling to risk walking the distance and finding the houses empty. She testified that the reason she was driving was to get to the hospital.

Defense counsel requested a charge on the defense of necessity, which was refused by the trial court; the issue was properly preserved for appeal.

■■ The elements of the necessity defense are:

(1) there must be a situation of emergency arising without fault on the part of the actor concerned;

(2) this emergency must be so imminent and compelling as to raise a reasonable expectation of harm, either directly to the actor or upon those he was protecting;

(3) this emergency must present no reasonable op-

portunity to avoid the injury without doing the criminal act; and

(4) the injury impending from the emergency must be of sufficient seriousness to outmeasure the criminal wrong.

*State* v. *Warshow*, 138 Vt. 22, 24, 410 A.2d 1000, 1001–02 (1980) (citation omitted). Implicit in the *Warshow* opinion was the holding that the defense of necessity is recognized in criminal prosecutions, *id.* at 27 (Hill, J., concurring), and we now make that holding explicit.

■■ The evidence presented at trial was sufficient to raise a question of fact for the jury as to whether defendant drove because it was reasonably conceived by her to have been a necessity; accordingly, an instruction on the issue should have been given upon request. "The well established rule in this state requires the court to charge fully and correctly upon each point indicated by the evidence, material to a decision of the case, and a shortage in this duty, upon proper exception, requires reversal." *State* v. *Gokey*, 136 Vt. 33, 36, 383 A.2d 601, 602 (1978). Further, "[w]here there is evidence offered which supports the elements of the defense, the questions of reasonableness and credibility are for the jury to decide." *State* v. *Warshow, supra,* at 30, 410 A.2d at 1005 (Billings, J., dissenting).

■ Here, there was evidence presented as to each of the elements of the necessity defense: the jury could have concluded that defendant reasonably believed she was confronted with a medical emergency resulting from an alleged assault by her husband, that she was in pain and might well have believed that internal injuries were a possibility, that, with reasonable subjectivity, defendant saw no alternative to driving herself to the hospital, and that her need for treatment, as she conceived it to be, outweighed the criminal wrong of driving under the influence. On the other hand, of course, the jury could have believed or disbelieved any of the State's evidence offered to prove an emergency did not exist and that reasonable alternatives were available to defendant. Nevertheless, the jury should have had the opportunity to weigh the reasonableness and credibility of all the evidence, and to decide if

it was sufficient to establish the defense of necessity. It was the function of the jury to determine first whether defendant was driving while under the influence of intoxicating liquor, and if she was, then to determine whether she was justified in doing so because of necessity. By refusing to charge the jury on the second issue, the trial court committed reversible error.

The State argues that the trial court properly refused to give the instruction on necessity because of defendant's failure to admit that she had been driving while under the influence. It bases this contention on the following language in *Warshow:* "The defense of necessity is one that partakes of the classic defense of 'confession and avoidance.' It admits the criminal act, but claims justification." *State* v. *Warshow, supra,* at 24, 410 A.2d at 1001.

■■ We reject the State's interpretation of these words. Our dicta in *Warshow* indicate no more than that there are elements of similarity between "confession and avoidance" and a defense of "necessity," not that, in the latter, a confession to the criminal act is a sine qua non. On the contrary, we hold that it is not necessary for a defendant to admit that she committed a crime in order to avail herself of the defense of necessity. When there is evidence in the record which raises legitimate factual issues relating to the defense of necessity, the trial judge must instruct the jury on that issue. *People* v. *Cater*, 78 Ill. App. 3d 983, 988, 398 N.E.2d 28, 33 (1980).

*Reversed and remanded for a new trial.*