## State of Vermont v. Roger L. Dapo

[470 A.2d 1173]

No. 82-201

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed December 2, 1983

*Dena Monahan*, Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Saxer, Anderson & Wolinsky*, Burlington, for Defendant-Appellant.

**Billings, C.J.** Defendant appeals from a conviction of operating a motor vehicle while under the influence of intoxicating liquor (DUI). 23 V.S.A. § 1201(a)(2). He asserts three claims of error: (1) that the delay of 37 days between jury impaneling and swearing-in was prejudicial as a matter of law; (2) that the trial court failed to charge the jury with the defense of necessity; and (3) that he was prejudiced by ineffective assistance of counsel.

Around 11:50 p.m. on November 20, 1981, defendant was awakened by a telephone call from his ex-wife, informing him that one of their children had failed to return to her home from a daytime outing. Defendant borrowed a car and proceeded to look for his son, eventually meeting up with him at the Burlington police station. Shortly after returning his son to his ex-wife's home, defendant was stopped by a Burlington police officer, taken to the police station and processed for DUI.

On February 22, 1982, a jury of thirteen was drawn, but not sworn, for defendant's March 31, 1982, trial. On the day set for trial, only eleven of the thirteen jurors were available.

The trial judge and defendant's attorney questioned defendant both as to his understanding that he had a constitutional right to a twelve-member jury and that a mistrial would be declared if he did not then wish to go forward with the trial. After the defendant indicated his willingness to go forward, the trial judge questioned him further to insure that the prospect of increased litigation costs, if a mistrial were declared, was not compelling defendant's decision to proceed with the eleven-member jury. Although defendant expressed some concern over litigation costs, he again expressed his willingness to go forward and signed a statement acknowledging his voluntary waiver of his right to a twelve-member jury. The trial court then allowed defendant's counsel to voir dire the jury, after which defendant's counsel indicated satisfaction with the jury as constituted.

 In misdemeanor cases, the discretion of the trial court controls the issue of separation of the jury. *State* v. *White*, 129 Vt. 220, 225–26, 274 A.2d 690, 693–94 (1971). "[I]t is for the trial court to weigh concern for the prompt, orderly administration of criminal law against the possibility of jury prejudice in a given case." *State* v. *Brisson*, 124 Vt. 211, 214, 201 A.2d 881, 883 (1964). The burden of demonstrating an abuse of this discretion is on the party claiming the abuse, but all that is required is a showing of "the existence of circumstances capable of prejudicing the deliberative function of the jury," and not that the jury was prejudiced in fact. *Id.* at 215, 201 A.2d at 883. Each case involving the separation of the jury will be decided on its own facts. *Id.* at 214, 201 A.2d at 883.

In *State* v. *White, supra,* 129 Vt. at 226, 274 A.2d at 694, this Court held that a separation of 62 days between impaneling and trial was prejudicial as a matter of law. The defendant in *White* had been charged with possession of a regulated drug, marijuana. 18 V.S.A. § 4224(a). The separation of the jury occurred during a time when marijuana, because of the perceived novelty of its use, was a very sensitive and much touted issue. *Id.* at 225, 274 A.2d at 693. In *State* v. *Brisson, supra,* 124 Vt. at 214, 201 A.2d at 883, a jury separation of ten days, in a misdemeanor case, was found not to be prejudicial as a matter of law, nor on the facts of that particular

case. Prior to the jury's separation, the court had cautioned the jury members to avoid activities which might prejudice its deliberative function. *Id.* at 212, 201 A.2d at 882. Additionally, at trial, the defendant did not demonstrate the occurrence of any event during separation that might have tainted the jury's impartiality. *Id.* at 214, 201 A.2d at 883. Similarly, in *State* v. *Stevens*, 137 Vt. 473, 408 A.2d 622 (1979), a sixteen-day separation in a DUI case was held not to be prejudicial where the court conducted a second voir dire at the trial's commencement and offered to treat defendant's motion to dismiss as a motion for mistrial if any improper influence affecting the jury could be demonstrated. *Id.* at 476, 408 A.2d at 624.

■ In the instant case, the record is silent as to whether the court admonished the jury, prior to separation, to avoid any activity that might affect its impartiality. However, the court did allow defendant's counsel to conduct a second voir dire at the time of trial. On the basis of this voir dire, counsel for defendant expressed his client's satisfaction with the jury as constituted. Defendant, verbally and in writing, agreed to proceed with the eleven-member jury. Additionally, there was no showing of any circumstance that may have occurred during separation that was capable of tainting the jury's deliberative duty. Finally, defendant made no claim of error in this regard until after the verdict. Considering the totality of circumstances, we cannot say that the defendant has demonstrated the existence of prejudice in law or fact. The trial court was acting within its discretion when it proceeded with the trial.

We do, once again however, express strong concern and reservation as to the continued propriety of advance drawing of juries. We recognize the increasing burdens on trial court calendars, but a defendant's right to a trial by a properly constituted and impartial jury is constitutionally guaranteed and must not be threatened by mere administrative convenience. The shorter the period of separation, the less likely that prejudice and abuse of discretion will be found on appeal.

■■ Defendant next claims that the trial court erred in failing to instruct on the defense of necessity. Defendant

did not request the charge but properly claims that the trial court must fully and correctly charge upon each point indicated by the evidence that is material to a decision of the case. *State* v. *Gokey,* 136 Vt. 33, 36, 383 A.2d 601, 602 (1978). The defense of necessity, as recognized in Vermont, requires evidence in the record that supports the elements of the defense. *State* v. *Shotton,* 142 Vt. 558, 561, 458 A.2d 1105, 1106 (1983). These elements are:

> (1) there must be a situation of emergency arising without fault on the part of the actor concerned;
> (2) this emergency must be so imminent and compelling as to raise a reasonable expectation of harm, either directly to the actor or upon those he was protecting;
> (3) this emergency must present no reasonable opportunity to avoid the injury without doing the criminal act; and
> (4) the injury impending from the emergency must be of sufficient seriousness to outmeasure the criminal wrong.

*Id.* at 560–61, 458 A.2d at 1105 (quoting *State* v. *Warshow,* 138 Vt. 22, 24, 410 A.2d 1000, 1001–02 (1980)).

■ The court did not err in failing to charge the defense of necessity. Certainly defendant's missing child was an occurrence that arose without fault attributable to him. And, a missing child could very well represent an emergency so imminent and compelling as to raise a reasonable expectation of harm either to the actor or to the child. However, under the facts of this case, at the time of defendant's criminal activity, the emergency had already terminated and, as the defendant knew, his child was safe at home.

■ We do not reach defendant's third claim, that of ineffective assistance of counsel. Such a claim must be brought through collateral attack under post-conviction proceedings, rather than on direct appellate review. *State* v. *Loehmann,* 143 Vt. 372, 467 A.2d 118 (1983); *State* v. *Campanelli,* 142 Vt. 362, 366, 454 A.2d 1248, 1251 (1982).

*Affirmed.*