## State of Vermont v. Richard J. Knapp

[509 A.2d 1010]

No. 85-134

Present: **Allen, C.J, Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed March 28, 1986

*William D. Wright*, Bennington County Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*David A. Howard*, Bennington County Public Defender, and *Gerard Altieri*, Law Clerk (On the Brief), Bennington, for Defendant-Appellant.

**Hill, J.** This is an appeal from a jury verdict finding the defendant guilty of aiding in petty larceny in violation of 13 V.S.A. §§ 3 and 2502. The principal issue on appeal is the failure of the trial court to instruct the jury on the defense of duress. We hold that the evidence presented by the defendant failed to raise a factual issue of duress warranting such an instruction, and therefore affirm.

The defendant and two co-defendants, Tony Stratton and Richard Thompson, were riding in a car owned by Stratton and driven by Thompson. Stratton became irritated with a driver behind them, and he told Thompson to stop the car. After both cars pulled over and stopped, Stratton got out of his car and began assaulting the driver of the other car. The defendant testified that

he attempted to halt the attack, and when his efforts failed, he drove off with the victim's car assertedly to distract his companion from the assault. Stratton and Thompson followed in the first car, and both vehicles were driven to a remote area. Stratton sent the defendant to a nearby town in his car to obtain tools to aid in the stripping of the second car. When the defendant returned, the two co-defendants had nearly completed the work of removing the car's tires, steering wheel, tachometer, stereo system, and some of the owner's personal effects. The items were then loaded into Stratton's car; the defendant retained the car stereo.

The defendant claims that he helped his two co-defendants commit larceny because he feared what Stratton would do to him if he refused. Concerning his trip from the remote area to town to obtain tools, the defendant was asked if he thought about not returning or about seeking help. He testified:

> Yes sir, I did, but I was really scared. I really wanted to leave the car somewhere around my house and just go in the house and forget about it. But I was more afraid of Tony being more mad at me for doing that and coming to my house. Because I know he would have come right into my house if I had done that and he would have been furious, and I didn't really know what to do.

The defendant testified further that Stratton forced him to keep the stereo, as he wanted all three to be involved in the venture.

The State charged the defendant with aiding in the commission of grand larceny, operating a motor vehicle without the owner's consent, and unlawful mischief. The subject of this last charge was a minor motor vehicle accident which occurred while defendant was driving the victim's car to the remote area. The defendant was convicted of aiding in the commission of a petty larceny, a lesser included offense of the first charge, and he claims on appeal that his conviction must be reversed because the trial judge refused to instruct the jury on the defense of duress. We disagree.

■ It is a fundamental principle of law that "[w]here there is evidence offered which supports the elements of [a] defense, the questions of reasonableness and credibility are for the jury to decide." *State* v. *Shotton*, 142 Vt. 558, 561, 458 A.2d 1105, 1106 (1983) (quoting *State* v. *Warshow*, 138 Vt. 22, 30, 410 A.2d 1000, 1005 (1980)) (Billings, J., dissenting). Thus "it is always the duty of the court to charge fully and correctly upon each point indi-

cated by the evidence, material to a decision of the case . . . ." *State* v. *Brisson*, 119 Vt. 48, 53, 117 A.2d 255, 258 (1955). To be entitled to an instruction, however, the defendant must establish a prima facie case on each of the elements of the defense asserted. See *United States* v. *Agard*, 605 F.2d 665, 667 (2d Cir. 1979); *Shotton, supra*, 142 Vt. at 561, 458 A.2d at 1106.

In defining the elements of the defense of duress the Court of Appeals for the Second Circuit stated:

> A claim of duress and coercion constitutes a legal excuse for criminal conduct when, at the time the conduct occurred, the defendant was subject to actual or threatened force of such a nature as to induce a well-founded fear of impending death or serious bodily harm from which there was no reasonable opportunity to escape other than by engaging in the otherwise unlawful activity.

*Agard, supra*, 605 F.2d at 667.

The defendant in this case did not establish a prima facie case for a well-founded fear of impending death or serious bodily harm from which there was no reasonable opportunity to escape other than by committing the criminal act charged. While the jury could have believed that Stratton might have harmed the defendant if he had refused to cooperate when they were all together in a remote area, it was open to the judge to conclude that the defendant had in fact effected an escape when he left for town to obtain tools.

Although the defendant asserted a continuing fear of Stratton, even extending to the moment when Stratton dropped the defendant off at home with the stolen car stereo, fear unrelated to actual or threatened force is not sufficient to show a well-founded fear of impending death or serious bodily harm. "[T]he element of immediacy is of crucial importance in any attempt to raise duress as a defense to [a] criminal charge." *United States* v. *Patrick*, 542 F.2d 381, 388 (7th Cir. 1976), *cert. denied*, 430 U.S. 931 (1977). In short, once out of the reach of his companions, the defendant could have summoned help to bring the criminal enterprise to an end and to protect himself from harm. As defendant took no such steps, the judge below properly withheld the requested instruction on duress.

The defendant also claims the court erred in ordering him to pay restitution in the amount of $474.75. The State does not address this claim in its brief.

■ An order of restitution must relate to the damage caused by the criminal conduct for which the defendant was convicted. See *State v. Curtis*, 140 Vt. 621, 622, 443 A.2d 454, 455 (1982) ("[T]he court must determine whether the criminal conduct caused damage and the amount of that damage."). The court here failed to make this vital link-up as it ordered the defendant to pay for damages suffered in the collision which was the subject of the unlawful mischief charge. The defendant was acquitted of this charge, and the damage caused by his conduct in this regard cannot be made the subject of an order for restitution.

*Order of restitution vacated; affirmed in all other respects.*