# State of Vermont v. Roger Squires

[519 A.2d 1154]

No. 83-468

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and
Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed November 7, 1986

*Philip H. White*, Orleans County State's Attorney, Newport, for Plaintiff-Appellee.

*David W. Curtis*, Defender General, and *Henry Hinton*, Appellate Defender, Montpelier, and *David C. Sleigh*, Public Defender, St. Johnsbury, for Defendant-Appellant.

**Per Curiam.** This is an appeal by defendant Roger Squires from a conviction, after jury trial, of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2). We affirm.

Defendant first argues that reversal is required because the prosecutor impermissibly elicited testimony about and commented upon what defendant did not say at the time of his arrest, thereby denying him a fair trial. We find it unnecessary to reach

the merits of this claim because this case does not involve prohibited comment at trial on a defendant's post-arrest silence. *Doyle v. Ohio,* 426 U.S. 610, 613-16 (1976). The record clearly establishes that defendant voluntarily made statements to the police at the time of his arrest that were sufficiently inconsistent with his testimony at trial to justify inquiry and comment by the prosecution. See *People v. Hinson,* 70 Ill. App. 3d 880, 886, 388 N.E.2d 899, 904 (1979); *People v. Rehbein,* 74 Ill. 2d 435, 441-42, 386 N.E.2d 39, 42 (1978), *cert. denied,* 442 U.S. 919 (1979).

■■ Defendant's primary defense at trial was the "necessity" defense recognized by this Court in *State v. Shotton,* 142 Vt. 558, 561, 458 A.2d 1105, 1106 (1983). Defendant's theory at trial was that it was necessary for him to take control of the vehicle after the original driver, his seventeen-year-old nephew, had stalled the vehicle in the middle of a well-travelled roadway while attempting to back out of the parking lot of a tavern. We stated in *Shotton* that an essential element of the necessity defense is that "there must be a situation of emergency arising without fault on the part of the actor concerned . . . ." *Id.* at 560, 458 A.2d at 1106. Furthermore, before a defendant is entitled to an instruction on a defense, a "defendant must establish a prima facie case on each of the elements of the defense asserted." *State v. Knapp,* 147 Vt. 56, 59, 509 A.2d 1010, 1011 (1986).

■ Defendant has failed to establish a prima facie case on the "without fault" element of the necessity defense because the record establishes that the defendant's own conduct created the emergency. The record indicates that defendant, accompanied by his nephew, traveled in his truck to a tavern where he proceeded to consume enough alcohol to raise his blood alcohol level to 0.24%. Due to defendant's level of intoxication, the nephew, who was unfamiliar with the defendant's truck, was forced to drive the truck, thereby creating the claimed emergency. Under these circumstances, the necessity defense was not available to the defendant as a matter of law.

*Affirmed.*