383 So.2d 712 (1980)
Basil McDERMOTT, Petitioner,
v.
The STATE of Florida and the Honorable Frederick Barad, Respondents.
No. 80-449.
District Court of Appeal of Florida, Third District.
May 6, 1980.
*713 Albert Zemlock and Jerold Feuer, Miami, for petitioner.
Janet Reno, State's Atty. and Kurt Lyle Marmar, Asst. State's Atty., for respondents.
Before HENDRY, NESBITT and BASKIN, JJ.
NESBITT, Judge.
The issue before us is whether there was such undue separation of the jury between the time it was impaneled and sworn to try a criminal case and the time the case was actually set for trial so as to warrant the defendant's discharge. Because of the unique circumstances presented, we determine that there was an undue separation of the jury and quash the trial court's order which denied the defendant's motion for discharge.
On November 1, 1979, the defendant was charged, by information, with aggravated child abuse as denounced by Section 827.03, Florida Statutes (1979). He filed a demand for speedy trial. On the afternoon of January 15, 1980, both the state and the defense announced that they were "ready for trial" and a jury was duly impaneled and sworn to try the case. The state obtained leave of the court to postpone its opening statement to the following morning so as to have an opportunity to confer with witnesses. When the trial resumed the following morning, January 16, 1980, the state obtained a continuance based upon representations that material witnesses were not available. Specifically, the state indicated that the victim, who was the minor son of the defendant, was in the State of New York with his mother. The record demonstrates that the state contacted the mother by telephone at approximately 9:30 P.M. on the evening of January 15th at which time she announced she would not make the child available to testify.
The mother had obtained a divorce decree awarding her custody of the minor victim by the New York supreme court. For reasons not apparent from the record, the mother, the minor victim and the father were in Miami when the offense charged occurred. Thereafter, the parties became embroiled in a custody dispute over the youth in the juvenile division of the circuit court in Miami. The mother was permitted to return to the State of New York with the boy because she indicated to the judge in the juvenile division that she would make the child available in Miami at the time of the defendant's criminal trial. It was the state's reliance on that representation in the collateral proceeding which prompted it to announce "ready for trial." The state did not otherwise make any attempt to secure the attendance of witnesses by service of process.
In reliance upon the state's representation that it would commence extradition proceedings of the mother and the minor victim, the trial court granted the state a continuance. The trial was rescheduled for February 12, 1980. When the case was called for trial on that date, the same inability to obtain the presence of witnesses plagued the state in its presentation of evidence which precipitated the granting of a further continuance until February 25, 1980. When the February 25th trial date arrived, the state was still unable to proceed to trial for essentially the same reasons it had asserted previously and, on that basis, the court once again granted the *714 state a further continuance, this time until March 11, 1980. At each of the appointed trial dates, the defendant resisted the state's motions for continuance. On February 25, 1980, the trial court entered a written order denying the defendant's motion for discharge.
On March 3, 1980, the defendant commenced this original proceeding, pursuant to Florida Rule of Appellate Procedure 9.100, seeking a writ of prohibition. Since we find that there was a departure from the essential requirements of law, we treat this proceeding as a petition for certiorari pursuant to Florida Rule of Appellate Procedure 9.040(c). This court issued an order to show cause to which the state filed its response and the matter was presented orally before the court.
On January 15, 1980, after the jury was sworn to try the case, it was given the customary admonition. The jury reported for service on the morning of January 16th, but after the motion for continuance was granted, the jury was allowed to disperse. The jurors never reassembled and remained on a standby basis.
When the jury panel was sworn for voir dire examination, the trial was deemed to have commenced for the purpose of the speedy trial rule, Florida Rule of Criminal Procedure 3.191. Moore v. State, 368 So.2d 1291 (Fla. 1979). Therefore, disposition of this case is not governed by the speedy trial rule. Additionally, the continuances authorized by Florida Rule of Criminal Procedure 3.190(g) are those prior to commencement of the trial. Consequently, the central question is governed neither by rule nor statute and is essentially novel to this jurisdiction.
Jeopardy attaches at the time the jury is impaneled and sworn to try a criminal case. Moore v. State, supra. Once impaneled, dependent upon the circumstances of the case, a jury may be allowed to separate upon due admonition or it may be sequestered during the progress of the trial. The trial may be terminated where the court grants the defendant a mistrial or the state obtains a mistrial on grounds of manifest necessity so as to ban the defense of former jeopardy. State v. Iglesias, 374 So.2d 1060 (Fla.3d DCA 1979). If not so terminated, a trial will normally proceed from the impaneling of the jury on through rendition of the verdict without undue interruption. A continuance during the progress of the trial which results in protracted jury separation must be based upon a real and substantial need which is supported by a showing of due diligence and good faith. A short continuance for an overnight recess, a weekend, a holiday or one that is required for some other substantial reason such as illness or death in the family of a juror or counsel, or to take the deposition of an undisclosed witness, resides within the sound discretion of the court.
The rule is premised upon the state's interest in the integrity of the jury system and the assurance that an impaneled jury will remain free of any extraneous influence. A distillation of cases points to no inflexible rule but merely indicates that the manner of a continuance must be balanced by the societal interests against the rights of the accused on a case by case basis. Among the factors assessed are the length and reason for the delay, the defendant's assertion of his right to proceed to trial, and possible prejudice. Generally, prejudice is not presumed but must be demonstrated by the party allegedly aggrieved. As the seriousness of the crime decreases, so does the tolerable length of delay. While the rule is influenced by constitutional concepts, it is grounded more upon the prophylactic need to avoid possible jury contamination than upon the organic law. See, Annot. 72 A.L.R.3d 100 (1976).
Allowing a continuance during trial is left to the discretion of the court; however, with the passage of considerable time, the party claiming to be aggrieved by the undue delay in presentation of a case to a jury need only show the existence of circumstances capable of prejudicing the deliberate functions of a jury. At that juncture, the party aggrieved need not prove that prejudice actually resulted. State v. Brisson, *715 124 Vt. 211, 201 A.2d 881 (1964). Indeed, such a requirement would place an intolerable burden on a party to demonstrate actual prejudice because parties are ethically, and by order of the court, prohibited from having any extrajudicial contact or communication with an impaneled jury.
In this case, the jury would have been separated for a period of time of fiftyfive days commencing January 16, 1980 until the projected trial date of March 11, 1980. The state did not show good cause to warrant a continuation in the first instance. It has relied at its own peril, on the mother's representation that she would return the child on the appointed trial date. The defendant did not, in any way, contribute to the delay. Instead at all times, he has asserted his right to a prompt trial. The state has already obtained the benefit of three continuances. Had the swearing of the jury for voir dire examination not interrupted the operation of the speedy trial law, Moore v. State, supra, Florida Rule of Criminal Procedure 3.191(f)(iii) would only authorize the state two such continuances for the unavailability of witnesses and then only under exceptional circumstances. In this case, we cannot condone the state doing indirectly what it could not do directly. We add, however, that since no statute or rule governs, more numerous continuances within a shorter span of time would not necessarily be impermissible. Here, the lapse of time coupled with the state's lack of diligence overcame the defendant's need to show that the separation of the jury actually prejudiced his rights. In State v. White, 129 Vt. 220, 274 A.2d 690 (1971), a delay of sixty-two days constituted a sufficient period of time of jury separation so as to warrant reversal of the defendant's judgment of conviction.
The same reasoning prompted a reversal of a criminal conviction in Raines v. State, 65 So.2d 558 (Fla. 1953) where a jury was allowed to separate overnight for a period of fifteen hours without the admonition now required by Section 918.06, Florida Statutes (1979). There, the court stated:
There is no showing in the way of evidence that defendant's rights were prejudiced but trials should not be conducted in a way that defendant has good reason for the belief that he was deprived of fundamental rights. The opportunity was open for tampering with the jury and the temptation to do so was such that we are not convinced that the appellant's trial was conducted with that degree of fairness and security that the bill of rights contemplates. A fifteen hours absence under no restraint whatever leaves too much room to question the bona fides of everything that took place during that time, particularly when one defendant was acquitted and the other was convicted on the same charge and evidence. It imposes too great a burden on defendant to produce evidence of prejudice to his rights under such circumstances. We think this error calls for reversal.
65 So.2d at 559-60.
For the foregoing reasons, the order of the trial court is quashed with directions to grant defendant's motion for discharge.