426 So.2d 1173 (1983)
Bruce Michael ARMSTRONG, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1241.
District Court of Appeal of Florida, Fifth District.
February 9, 1983.
*1174 Garrett L. Briggs, of Adams & Briggs, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Armstrong appeals from a judgment and sentence for attempting to operate an aircraft in a reckless manner.[1] Armstrong contends that a jury separation of some fifty-two days during his trial shows the existence of circumstances capable of prejudicing the deliberative functions of the jury. We agree and reverse and remand for a new trial.
The jury in this cause was impaneled on June 15, 1981, and opening statements and testimony started on Thursday, June 18, 1981. On Friday at 5:00 p.m., the trial judge announced that the time for the week had elapsed and that it was necessary to recess the jury until the trial could be rescheduled. The first convenient date for the jurors and the court was August 10, 1981, fifty-two days later.
In McDermott v. State, 383 So.2d 712 (Fla. 3d DCA 1980), the court set out the general principles regarding continuances during the progress of a trial:
[A] trial will normally proceed from the impaneling of the jury on through rendition of the verdict without undue interruption. A continuance during the progress of the trial which results in protracted jury separation must be based upon a real and substantial need which is supported by a showing of due diligence and good faith... .
The rule is premised upon the state's interest in the integrity of the jury system and the assurance that an impaneled jury will remain free of any extraneous influence. A distillation of cases points to no inflexible rule but merely indicates that the manner of a continuance must be balanced by the societal interests against the rights of the accused on a case by case basis. Among the factors assessed are the length and reason for the delay, the defendant's assertion of his right to proceed to trial, and possible prejudice. Generally, prejudice is not presumed but must be demonstrated by the party allegedly aggrieved. As the seriousness of the crime decreases, so does the tolerable length of delay. (emphasis added)
Id. at 714.
An assessment of the factors involved here convinces us that a new trial is warranted. The continuance was due to conflicting commitments of the judge and jury. While we are not unappreciative of congested court calendars and the problems of anticipating the length of trials to accomplish orderly scheduling, we think it far preferable to postpone a case whose trial has not commenced rather than to interrupt one in order that another may be started. A trial by jury is a constitutionally protected right and the law should be sensitive to any infringement or impairment of that right. State v. Brisson, 124 Vt. 211, 201 A.2d 881 (1964). As the court in Brisson noted, "Administrative advantage must give way rather than reduce the meaning of trial by jury." 201 A.2d at 883.
*1175 In the case before us, the trial judge apparently set a rigid two day deadline for the case and the defendant would have to suffer the consequences if the trial were not completed within that time. Defense counsel vigorously opposed the continuance and requested that the case be heard at an earlier time. Counsel argued that the continuance could prejudice the deliberative functions of the jury. Among his concerns were fears that the jury would forget items relevant to Armstrong's case, that the state could subpoena further witnesses or present additional evidence, that the state could use Armstrong's grand jury testimony against him and that the jury might be influenced by newspaper reports that he had been involved in a drug smuggling scheme.
Some of these concerns were unfounded. For example, the state did not produce additional witnesses, but rested its case when trial was resumed. Indeed, Armstrong has not argued actual prejudice but asserts that he need only show the potential for prejudice. He derives this principle from McDermott, wherein the court stated:
Allowing a continuance during trial is left to the discretion of the court; however, with the passage of considerable time, the party claiming to be aggrieved by the undue delay in presentation of a case to a jury need only show the existence of circumstances capable of prejudicing the deliberate functions of a jury. At that juncture, the party aggrieved need not prove that prejudice actually resulted.
383 So.2d at 714, citing State v. Brisson.
This same reasoning prompted a reversal of a criminal conviction in Raines v. State, 65 So.2d 558 (Fla. 1953) where a jury was allowed to separate overnight for a period of fifteen hours without an admonition not to discuss the case among themselves.
There, the court stated:
There is no showing in the way of evidence that defendant's rights were prejudiced but trials should not be conducted in a way that defendant has good reason for the belief that he was deprived of fundamental rights. The opportunity was open for tampering with the jury and the temptation to do so was such that we are not convinced that the appellant's trial was conducted with that degree of fairness and security that the bill of rights contemplates. A fifteen hours absence under no restraint whatever leaves too much room to question the bona fides of everything that took place during that time, particularly when one defendant was acquitted and the other was convicted on the same charge and evidence. It imposes too great a burden on defendant to produce evidence of prejudice to his rights under such circumstances. We think this error calls for reversal. (emphasis added)
65 So.2d at 559-60.
Recognizing the difficulty of demonstrating that a jury has actually been prejudiced during the trial, we think it is only necessary to show the existence of circumstances capable of prejudicing the jury to warrant a new trial. Here, Armstrong did not make vague, generalized allegations but rather pointed to specific, articulable facts to support his concern that the jury could have been influenced by extraneous matters.
REVERSED and REMANDED for a new trial.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Section 860.13(1)(b), Florida Statutes (1979), provides that it shall be unlawful for any person to operate an aircraft in the air or on the ground or water in a careless or reckless manner so as to endanger the life or property of another.