525 So.2d 505 (1988)
James COMPO, Appellant,
v.
STATE of Florida, Appellee.
Nos. 86-3225 to 86-3227.
District Court of Appeal of Florida, Second District.
May 27, 1988.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
*506 Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Appellant Compo appeals his convictions and sentences for possession of a controlled substance, carrying a concealed firearm, and dealing in stolen property. We affirm the convictions and sentences, but remand to correct an error in the probation revocation order.
Aside from the apparent error contained in the revocation order, the only issue raised by Compo that merits discussion concerns the denial of Compo's motion for discharge under the speedy trial rule.
Compo filed a motion for speedy trial discharge on July 14, 1981, pursuant to Florida Rule of Criminal Procedure 3.191(a)(1), alleging that he had been in custody in excess of 175 days for a charge of dealing in stolen property. The motion was heard on July 17, 1986, and the trial court determined that Compo's motion had merit. The trial court started the trial on July 26, 1986, with the voir dire examination of the prospective jurors, which was within the ten days allotted under rule 3.191(i).[1] A six member jury and an alternate juror were selected and sworn on that day. The jurors were then excused and did not return until August 7, 1986, when the evidentiary phase of the trial was to be completed. These jurors were exposed to media coverage during the period before the August 7 trial date, resulting in the trial court declaring a mistrial and empaneling a new jury. Compo was eventually found guilty of the offenses charged by the second jury panel. Compo argues that selecting the initial jury panel within the ten days required by the speedy trial rule, but continuing the trial for twelve days before commencing the presentation of evidence violates the true intent of rule 3.191(i).
A trial commences for speedy trial purposes upon the swearing of the jury panel for voir dire examination. Moore v. State, 368 So.2d 1291 (Fla. 1979); Stuart v. State, 360 So.2d 406 (Fla. 1979). Here, the voir dire examination of the first group of prospective jurors began and was completed within the time limit established by the speedy trial rule. Compo is, therefore, considered to have been "brought to trial" within the period required by the rule. State v. Vukojevich, 392 So.2d 297 (Fla. 2d DCA 1980). Under a circumstance such as the present where the speedy trial rule has been complied with but there has been an interruption in the progress of the trial, other considerations come into play. See McDermott v. State, 383 So.2d 712 (Fla. 3d DCA 1980). These considerations include the length and reason for the delay, the defendant's assertion of his right to proceed to trial, and possible prejudice to the defendant. Any such prejudice must be demonstrated by the defendant and cannot be presumed. Id. at 714. As stated in McDermott, these factors should be examined in each individual case with a purpose to striking a balance between society's interests and the rights of the accused.
We find that Compo has demonstrated no prejudice resulting from the lapse of twelve days between the initial jury selection and completion of the trial that affected his convictions, since a new trial with a new jury was initiated to avoid any possible influence that the news accounts may have had upon a decision of the previously selected jury panel.[2] Without *507 such a showing of prejudice, Compo's conviction must be affirmed.
Lastly, the state concedes that the revocation of probation order improperly fails to include the dealing in stolen property conviction as the cause for revoking Compo's probation. The dealing conviction was the basis for the trial court finding at the violation of probation hearing that Compo had violated the terms of his probation imposed upon the previous charges of possession of a controlled substance and carrying a concealed firearm. We, therefore, remand the case to the trial court for a correction of the revocation of probation order to include Compo's conviction for dealing in stolen property as the reason for the revocation in conformity with the trial court's pronouncements. Bogan v. State, 502 So.2d 1341 (Fla. 2d DCA 1987). See also Gilmore v. State, 523 So.2d 1244 (Fla. 2d DCA 1988). Compo need not be present for this correction.
The convictions and sentences are affirmed. Remanded with instructions.
SCHEB, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Rule 3.191(i) provides in part:

... .
(4) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.
Fla.R.Crim.P. 3.191(i)(4).
[2] Our decision in no way approves the trial court's action in continuing the case after the selection of the jury panel. The problems inherent in allowing such an interruption during the course of a trial are evidenced by the necessity of granting a mistrial occasioned in this case by the media exposure of the jurors during the break in the trial. Under other appropriate circumstances, not elaborated upon here, such a separation in the trial's progression may warrant a reversal.