572 So.2d 969 (1990)
Alexis HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1707.
District Court of Appeal of Florida, Third District.
December 18, 1990.
*970 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
COPE, Judge.
Defendant Alexis Hernandez appeals his convictions for aggravated assault and armed robbery. We reverse.
Defendant first contends that reversal is required because of a violation of Richardson v. State, 246 So.2d 771 (Fla. 1971). Defendant elected to avail himself of the discovery process pursuant to Rule 3.220, Florida Rules of Criminal Procedure. Prior to trial, the defense obtained a trial subpoena for a particular witness. The witness could not be located and the subpoena was *971 returned unserved. Defendant did not disclose the witness to the prosecution as one of the "witnesses whom the defendant expects to call ... at the trial... ." Fla.R. Crim.P. 3.220(d)(1), (j).
During trial, the defense learned that the witness was incarcerated in the Monroe County Jail. The defense informed the court that it wished to call the witness, who would directly contradict the testimony of the principal prosecution witness. The defense conceded that the witness had not been disclosed to the prosecution but explained that, under its reading of the Rule, at the pretrial stage the defense did not "expect" to call the witness since it could not locate the witness.
The prosecution objected that the witness had not been disclosed in accordance with the Rule. The prosecution indicated that it did not know anything about the witness and "I can't even say that I can claim prejudice, because I don't even know what he is going to testify to." The trial court ended the inquiry at that point and ruled that the witness would be excluded.
As a threshold matter, there was a discovery violation by the defense. Under Rule 3.220(d)(1), defendant was required to "furnish to the prosecutor a written list of the names and addresses of all witnesses whom the defendant expects to call as witnesses at the trial... ." There is a continuing duty to disclose. Fla.R.Crim.P. 3.220(j). Under the Rule, the name and last known address should have been disclosed.
Because of the truncated Richardson inquiry, the record does not indicate when the defense made a determination to call the disputed witness to testify at trial. Assuming that that determination was made at the time that the trial subpoena was issued, the defense was obliged to disclose the witness to the State at that time. That obligation was not vitiated when the subpoena was returned unserved. Once the determination had been made to issue the trial subpoena to the witness, that witness was one which the defendant "expects to call" within the meaning of the Rule. As happened in the present case, the defense or the State may fail to serve the witness initially, but may later locate the witness prior to, or during, trial. The defense therefore violated its disclosure obligation.
That is not, however, dispositive for purposes of a Richardson inquiry. The trial court is obliged to make an adequate inquiry into all of the circumstances, including whether the discovery violation was inadvertent or willful, whether the violation was trivial or substantial, and whether noncompliance with the rule has prejudiced the ability of the opposing party to properly prepare for trial. 246 So.2d at 771. See generally Smith v. State, 372 So.2d 86, 88-89 (Fla. 1979). As this court said in S.G. v. State, 518 So.2d 964 (Fla. 3d DCA 1988), to impose the sanction of excluding a witness
"[a] trial judge must do more than simply ascertain that a discovery rule has been violated. The inquiry must involve a determination of whether the violation resulted in substantial prejudice to the opposing party." Fedd v. State, 461 So.2d 1384, 1385 (Fla. 1st DCA 1984)... . As noted in Wilcox v. State, 367 So.2d 1020, 1023 (Fla. 1979), "[p]rejudice may be averted through the simple expedient of a recess to permit the questioning or deposition of witnesses. .. ." Thus, it is an abuse of discretion for a trial judge to "invok[e] the severe sanction of prohibiting the defense from calling ... witnesses instead of granting a recess and allowing the prosecutor to interview the witnesses and satisfy himself as to whether the prosecution would be prejudiced by the witnesses being allowed to testify." Streeter v. State, 323 So.2d 16, 17 [(Fla. 3d DCA 1975)]; see also O'Brien v. State, 454 So.2d 675, 677 (Fla. 5th DCA 1984) ("Although it is within the judge's discretion to exclude witnesses that most extreme sanction should never be imposed except in the most extreme cases, such as when [the violation is] purposeful, prejudicial and with intent to thwart justice."); Patterson v. State, 419 So.2d 1120, 1122 (Fla. 4th DCA 1982) ("[E]xclusion is a severe remedy that raises very serious questions concerning the fairness of the judicial process.")
518 So.2d at 966. When the prosecutor indicated that he was not in a position to *972 argue the issue of prejudice, the court should have proceeded in accordance with the principles just quoted.[1] The convictions must therefore be reversed and the case remanded for a new trial.
Defendant next contends that he is entitled to discharge under the speedy trial rule. As the jury panel was sworn for voir dire examination within the relevant period, that contention is without merit. See Fla. R.Crim.P. 3.191(a)(3); McDermott v. State, 383 So.2d 712 (Fla. 3d DCA 1980); see also Moore v. State, 368 So.2d 1291 (Fla. 1979).
Defendant also contends that he is entitled to discharge under the rule announced in McDermott, owing to separation of the jury between the time it was selected and the commencement of the evidentiary portion of the trial. The circumstances present here fall far short of those involved in McDermott, and we conclude that defendant is not entitled to discharge.[2],[3] We therefore reverse the convictions and remand for a new trial.
NOTES
[1] We distinguish the present case from Brazell v. State, 570 So.2d 919 (Fla. 1990). In Brazell, no Richardson violation was found where there was no suggestion that the defendant's attorney would call the newly discovered witness to the stand, or that the newly discovered witness' presence at trial could be obtained. Id., 570 So.2d at 921. In the present case the issuance of the pretrial subpoena demonstrates beyond peradventure that the defense desired to call the witness, and that, when the witness' location came to light, his attendance could have been readily procured.
[2] The record is scanty on the exact reasons for the continuance in the present case. There is a suggestion that the delay was occasioned principally because the court desired first to reach two civil cases which had been rolled over from earlier trial dates.

A separation between the selection of the jury and the commencement of the actual trial is highly undesirable and should be avoided wherever possible. While we are entirely sympathetic with the trial court's desire to reach civil cases carried over from earlier dates, absent a bona fide emergency or some genuinely exigent circumstance, the court ordinarily should proceed with the criminal trial. The record is not clear on whether such circumstances existed in the present case.
McDermott indicates that in extreme cases, such as the 55-day hiatus involved in that case, a discharge may result. McDermott also indicates that where there are shorter periods of delay, prejudice will not be presumed but must be shown in order to obtain relief. There has been no showing of prejudice with respect to the eleven-day delay involved in the present case, see Compo v. State, 525 So.2d 505, 506-07 (Fla. 2d DCA 1988), but if there were, then the remedy (except in the extreme case represented by McDermott itself) would be a new trial. See Armstrong v. State, 426 So.2d 1173 (Fla. 5th DCA 1983). As a new trial has been ordered on the basis of Richardson, further consideration of the jury separation issue in this case is not needed.
[3] After final submission of the cause to the jury, the question of separation is governed by Rule 3.370(b), Florida Rules of Criminal Procedure, as construed in such decisions as Livingston v. State, 458 So.2d 235 (Fla. 1984), and Ulloa v. State, 486 So.2d 1373 (Fla. 3d DCA 1986); see also § 918.06, Fla. Stat. (1989).