PATTERSON, Judge.
The appellant challenges his judgment and sentences for possession of cocaine, marijuana and drug paraphernalia. He asserts that the trial court erred by not conducting a Richardson[1] hearing before excluding a defense witness from testifying. We agree and reverse.
The defense attempted to call the appellant’s son as its first witness. The prosecutor objected on the ground that he had not received a witness list containing the son’s name. The trial court sustained the objection, ruling that since the son’s name did not appear in the court file, the son could not testify. The next day, after the defense had rested, the prosecutor brought to the trial court’s attention that a Richardson hearing had not been held. He then stated that his objection was based on the fact that he had not had the opportunity to depose the witness. He did not indicate how the state had been prejudiced. The trial court responded, “Okay. I’ll consider this as a Richardson hearing.” That concluded the matter. This procedure was totally inadequate and eonsti-tutes reversible error. See Hernandez v. State, 572 So.2d 969 (Fla. 3d DCA 1990).
Reversed and remanded for new trial.
FRANK, C.J., and SCHOONOVER, J., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971). Richardson holds that before deciding to permit or exclude a witness from testifying because of a discovery violation, a trial court must determine whether the violation was inadvertent or willful, trivial or substantial, and what effect it had upon the opposing party’s ability to prepare for trial.