RAMIREZ, J.
Warren Roberts petitions for a writ of prohibition to prevent the respondent State of Florida from prosecuting him due to the expiration of the speedy trial period as provided for in Florida Rule of Criminal Procedure 3.191. We deny the petition because we find that the trial court properly denied Roberts’ motion for discharge.
Rule 3.191(c) provides that a trial commences “when the trial jury panel for that specific trial is sworn for voir dire examination. ...” See also McDermott v. State, 383 So.2d 712, 714 (Fla. 3d DCA 1980). It is undisputed that the trial in this case commenced within the speedy trial period because a jury panel was brought to court and sworn pursuant to rule 3.300(a) within the time provided under rule 3.191.
During voir dire, however, Roberts successfully moved to strike the panel. The next morning, when a new jury panel had been assembled and voir dire was to begin, the State requested a continuance to seek a grand jury indictment, arguing that Roberts had waived his speedy trial rights and the State was entitled to an additional 90 days pursuant to rule 3.191(m). The trial court granted the continuance, finding that the State can add or upgrade charges following a mistrial.
Roberts argues on appeal that his situation is similar to McDermott. We cannot agree. In McDermott, after the jury had been selected and sworn, the State was granted a 55-day continuance to secure the presence of witnesses. McDermott did not in any way contribute to the delay. Additionally, the State had not shown good cause to warrant a continuation. Id. at 715. This case does not deal with a situation where the State, through its own fault, caused a delay. The delay here was caused by Roberts’ motion to strike the panel. At that point, Roberts had been timely brought to trial because the trial commenced when the jury panel was sworn. Rule 3.191(m) provides, in pertinent part:
Effect of Mistrial; Appeal; Order of New Trial. A person who is to be tried again or whose trial has been delayed by an appeal by the state or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court....
Although it does not specifically mention a motion to strike the panel, we interpret rule 3.191(m) to apply to a situation where the defendant makes such a motion, thereby becoming “a person to be tried again.” The State, therefore, had ninety days from the date in which Roberts’ motion was granted to bring him to trial.
Petition denied.