PER CURIAM.
Rodney Holmes appeals his convictions and sentences in Miami-Dade County Circuit Court case number 01-18524 (“the 2001 case”) and his revocation of probation in Miami-Dade County Circuit Court case number 98-28785 (“the 1998 case”). We affirm.
*351 In the 2001 case, defendant-appellant Holmes argues that the trial court abused its discretion in granting a thirteen-day delay between the first and second day of voir dire examination of the prospective jurors. He argues that such a delay is impermissible under this court’s decision in McDermott v. State, 383 So.2d 712 (Fla. 3d DCA 1980).
The defendant had demanded a speedy trial, with the last day of the fifty-day period being May 28, 2002. See Fla. R.Crim. P. 3.191(b). The trial court granted a thirty-day extension for exceptional circumstances. See id. R. 3.191(i).
The court also (apparently in an abundance of caution) commenced jury selection on May 28, the final day of the fifty-day period. Upon the swearing of the prospective jurors for voir dire examination, this constituted a commencement of trial for purposes of the speedy trial rule. See id. R. 3.191(c). Thus, the trial commenced timely for purposes of the speedy trial rule.*
The defendant argues, however, that a gap in the proceedings of thirteen days is impermissible. We reject the defendant’s argument on authority of Johnson v. State, 660 So.2d 648 (Fla.1995). In that case a twenty-four-day delay was found permissible between the conclusion of voir dire and the commencement of trial. Id. at 660. The court said:
We further find that the delay between voir dire and trial was entirely justified because there was a genuine problem in trial scheduling due to the variety of charges pending against Johnson. Moreover, we distinguish the present case from McDermott v. State, 383 So.2d 712 (Fla. 3d DCA 1980), upon which Johnson principally relies. The problem addressed in McDermott and similar cases was lengthy delays after the final jury panel is sworn. The record here clearly reflects that the jury was not sworn until the day trial commenced, which is a reasonable procedure when a trial court faces scheduling problems such as occurred here. The swearing in of jurors marks the point at which jeopardy attaches, which raises distinctly different problems than would exist beforehand. Thus, we see nothing unlawful in the procedure used here, particularly in light of today’s docketing problems and speedy-trial requirements.
Id. at 661.
In the present case, the thirteen-day delay is shorter than the delay involved in Johnson. In this case, as in Johnson, there was good cause for the continuance of the proceedings. There has been no showing of any legally cognizable prejudice to the defendant on account of the delay. See also Hernandez v. State, 572 So.2d 969, 972 n. 2 (Fla. 3d DCA 1990) (eleven-day delay; no showing of prejudice); Compo v. State, 525 So.2d 505, 506 (Fla. 2d DCA 1988) (twelve-day delay; no showing of prejudice).
In this case, as in Johnson, the defendant’s reliance on the McDermott decision is misplaced. See Johnson, 660 So.2d at 661. In this case, as in Johnson, the delay occurred before the jury was sworn for the trial. See id.
The defendant next argues that the trial court should have sustained defense objections that three preemptory challenges exercised by the State were pretextual. We conclude that the trial court’s rulings were *352 consistent with Melbourne v. State, 679 So.2d 759, 764 (Fla.1996).
The defendant challenges the sentences he received in the 2001 case under the ten-twenty-life law. While the trial court’s oral pronouncement was for consecutive life sentences, the written sentencing order reflects concurrent sentences in the 2001 case.** The State concedes that the written sentencing order is correct in light of later case law. See Green v. State, 845 So.2d 895 (Fla. 3d DCA 2003).
We find no error in the revocation of the defendant’s probation in the 1998 case.
Affirmed.

 The State may be correct that in an earlier hearing on April 29, the defendant had already waived the speedy trial demand. In view of the fact that jury selection began in any event within the speedy trial period, we need not consider the waiver issue any further.

 The oral pronouncement, and written order, both provide that the sentences in the 2001 case are consecutive to those in the 1998 case.