914 So.2d 938 (2005)
Kevin E. RATLIFF, Petitioner,
v.
STATE of Florida, Respondent.
Harry W. Seifert, Petitioner,
v.
State of Florida, Respondent.
McArthur Helm, Petitioner,
v.
James V. Crosby, Jr., etc., Respondent.
Nos. SC02-1239, SC03-2059, SC03-2304.
Supreme Court of Florida.
July 7, 2005.
Rehearing Denied November 8, 2005.
*939 Kevin E. Ratliff, pro se, Okeechobee, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, for Respondent in Nos. SC02-1239 and SC03-2059.
Harry w. Seifert, pro se, Miami, FL, for Petitioner.
McArthur Helm, pro se, Raiford, FL, for Petitioner.
Louis A. Vargas, General Counsel, Department of Corrections, Tallahassee, FL, for Respondent.
PER CURIAM.
Kevin Ratliff, Harry Seifert, and McArthur Helm have each petitioned this Court for a writ of habeas corpus, alleging that their life sentences are unconstitutional. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const. We have consolidated these cases for purposes of this opinion.
Petitioners assert that their respective sentences of life imprisonment violate article 1, section 17 of the Florida Constitution,[1] which forbids indefinite terms of imprisonment.[2] This argument is similar to that made by the defendant in Alvarez v. State, 358 So.2d 10 (Fla.1978). In Alvarez, the defendant was convicted of robbery and sentenced to 125 years in prison under section 813.011, Florida Statutes (1973), which provided that first-degree felony robbery was punishable by a sentence of "life or any lesser term of years." Alvarez challenged his sentence in the district court on the ground that it exceeded the limit set by the statute, arguing that 125 years was not a term of years less than life, but was in fact a term of years that exceeded his life expectancy. The district court affirmed the sentence, but certified the following question:
Is a sentence of imprisonment for a term of years greater than the life expectancy of the sentenced person lawful under Section 813.011, Florida Statutes (1973), and Section 812.13, Florida Statutes (1975)?
358 So.2d at 11.
In this Court, the defendant argued that his sentence was unlawful under the statute, and that the statute itself was unconstitutionally vague because it measured a definite sentence term against the imprecise term of "life." Id. In rejecting these arguments, we reasoned as follows:
We reject the notion that an individual's life expectancy should be used, or was intended by the Legislature to be *940 used, to mark the longest term which a particular defendant should serve. Any sentence, no matter how short, may eventually extend beyond the life of a prisoner. Mortality and life expectancy are irrelevant to limitations on the terms of incarceration set by the Legislature for criminal misconduct.
We also reject petitioner's contention that the statute is unconstitutionally vague and indefinite. Although no person can predict the maximum length of time which can be served by a prisoner under a sentence of life, this in itself does not render a life sentence impermissibly indefinite. The legislative intent from the face of the statute is clear: a person convicted of robbery while carrying a firearm or other deadly weapon may be sentenced to imprisonment for the remainder of his life;.... The trial court may, in its discretion, impose any sentence, or probationary period, up to the maximum term authorized for that crime by the Legislature.
Id. at 12 (footnotes omitted).
Although in Alvarez we addressed under article I, section 17 of the Florida Constitution a sentence that involved a term of years and not a life sentence, the reasoning underlying our decision in Alvarez is equally applicable to a life sentence. We again stress that any sentence, even one of a short duration, can potentially exceed a defendant's life span. The fact that the judicial system has no way of knowing how long the defendant will live and therefore cannot know how long the defendant will be incarcerated does not render a life sentence unconstitutionally indefinite. See Johnson v. Crosby, 897 So.2d 546 (Fla. 3d DCA 2005); Lopez v. State, 895 So.2d 1282 (Fla. 3d DCA 2005). It is abundantly clear that the Legislature, by prescribing a sentence of life imprisonment, intends that the defendant remain in prison for the rest of his life. The term "life" is sufficiently definite so that it can be understood and applied. See State v. Wershow, 343 So.2d 605 (Fla.1977). There is nothing indefinite about such a sentence.
Accordingly, because we hold, consistent with Alvarez, that a sentence of life imprisonment does not violate article 1, section 17, we deny the petitions for writs of habeas corpus on the merits.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] Article I, section 17, of the Florida Constitution states, in pertinent part, as follows: "Excessive fines, cruel and unusual punishment, attainder, forfeiture of estate, indefinite imprisonment, and unreasonable detention of witnesses are forbidden."
[2] Black's Law Dictionary (7th ed.), defines indefinite or indeterminate sentencing as, "The practice of not imposing a definite term of confinement, but instead prescribing a range for the minimum and maximum term, leaving the precise term to be fixed in some other way, usu. based on the prisoner's conduct and apparent rehabilitation while incarcerated." Id. at 774.