932 So.2d 471 (2006)
Jimmy CASIMIR, Petitioner,
v.
James R. McDONOUGH, Secretary, Department of Corrections, Respondent.
No. 3D05-2547.
District Court of Appeal of Florida, Third District.
June 7, 2006.
Rehearing Denied July 11, 2006.
*472 Jimmy Casimir, in proper person.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for respondent.
Before CORTIÑAS and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
ROTHENBERG, Judge.
Jimmy Casimir ("Casimir") seeks a Writ of Habeas Corpus pursuant to Rule 9.141(c), Florida Rules of Appellate Procedure, based upon five claims of ineffective assistance of appellate counsel. As we conclude that Casimir's claims are without merit, we deny the petition.
Casimir was convicted after a jury trial of the following offenses: two counts of attempted first degree murder with a firearm, two counts of attempted second degree murder with a firearm, and two counts of conspiracy to commit first degree murder. On February 16, 2005, this court affirmed the judgment and sentences imposed. *473 Casimir v. State, 894 So.2d 252 (Fla. 3d DCA 2005). Casimir asserts that appellate counsel's failure to raise four claims and his abandonment of an additional claim constitute ineffective assistance of appellate counsel, warranting a discharge of the charges or a new trial.
Casimir's first claim of ineffective assistance is based upon appellate counsel's failure to raise what Casimir contends was a violation of his right to a speedy trial. Appellate counsel is, however, not required to raise a meritless claim. See Card v. State, 497 So.2d 1169, 1177 (Fla.1986)(appellate counsel cannot be labeled ineffective for failing to raise issues which have no merit). We find no merit to this claim as (1) the record reflects a waiver of the right to a speedy trial on November 11, 2002, and (2) the trial actually commenced within the speedy trial period. A joint continuance was granted on November 11, 2002, well before expiration of the speedy trial period on February 24, 2003, thereby resulting in a waiver of the right to a speedy trial. The trial commenced on February 12, 2003, twelve days prior to the expiration of the speedy trial period.
Casimir failed to address the November 11, 2002 waiver, arguing only that, because the jury was selected and sworn on February 12, 2003 and the trial adjourned until February 25, 2003, he was entitled to a discharge of the charges against him. In Moore v. State, 368 So.2d 1291 (Fla.1979), the Florida Supreme Court specifically held that when the jury panel is sworn for voir dire examination, the trial is deemed to have commenced for the purpose of the speedy trial rule. In McDermott v. State, 383 So.2d 712 (Fla. 3d DCA 1980), this court recognized that when the jury panel is sworn, the trial commences, and therefore, a continuance during the process of the trial is not governed by the speedy trial rule, and that a continuance during the process, even when it results in a lapse between jury selection and the examination of witnesses, lies within the sound discretion of the court. Id. at 714. Therefore, the issue is whether the interruption resulted in prejudice to the defendant. Id. In Holmes v. State, 883 So.2d 350 (Fla. 3d DCA 2004), a thirteen-day delay between the first and the second day of voir dire was found not to be unreasonable where good cause was shown and no prejudice was demonstrated. See also Johnson v. State, 660 So.2d 648 (Fla.1995)(wherein a twenty-four-day delay was found permissible between the conclusion of voir dire and the commencement of trial); Hernandez v. State, 572 So.2d 969, 972 n. 2 (Fla. 3d DCA 1990)(eleven-day delay; no showing of prejudice); Compo v. State, 525 So.2d 505, 506 (Fla. 2d DCA 1988)(twelve-day delay; no showing of prejudice). As the delay in the instant case was for thirteen days, the basis for the delay was for good cause, and no prejudice was shown, we find that even if there had not been a waiver of the speedy trial period by Casimir, the trial commenced within the speedy trial period, and the delay between jury selection and the examination of witnesses does not entitle Casimir to a discharge of the charges against him.
Casimir's second claim is that, while trial counsel did not properly preserve the issue below, appellate counsel should have raised, as fundamental, the State's voir dire examination, which he contends was a pre-trying of the State's case. The complained-of inquiry was regarding the jury's ability to weigh the evidence if they found that they did not like the witnesses. As we conclude that the inquiry was proper, and the issue was not preserved, appellate counsel did not *474 provide ineffective assistance of counsel by failing to raise the issue on direct appeal.
We likewise find Casimir's remaining claims meritless. We find no error regarding the trial court's ruling allowing the State to call as its witness Cornelius Haggerty, a private investigator hired by the defense and who was listed as a defense witness. The defense had confirmed its intent to call Mr. Haggerty as a witness; that Mr. Haggerty would testify that he took a statement of one of the victims, Leslie Estimable; and that in this statement, Mr. Estimable recanted the earlier statement he had given to the police. The State called Mr. Haggerty in anticipation of his testimony. The State's theory of the case was that the defendant planned and attempted to kill the victims. It was the State's position that, when the private investigator appeared in Mr. Estimable's hospital room where he lay paralyzed, and with no notice to the State, identified himself as an investigator hired by the defendant who was there to take a statement from him, Mr. Estimable became frightened and changed his statement to protect himself. The State called the investigator to explain the change in Mr. Estimable's statement, arguing that the change was due to his fear of the defendant. While Casimir argues that, by allowing the State to call his witness as a State witness, it violated the attorney-client privilege, it is clear that the State's examination of the witness did not involve privileged information. See State v. Investigation, 802 So.2d 1141 (Fla. 2d DCA 2001).
When instructing the jury regarding the charge of criminal conspiracy, the trial court told the jury that before they could find Casimir guilty of criminal conspiracy, the State was required to prove beyond a reasonable doubt that:
1. The intent of Jimmy Casimir, also known as McHarry Lafontant was that the offense of first degree murder would be committed.
2. In order to carry out the intent Jimmy Casimir, also known as McHarry Lafontant,
agreed,
conspired,
combined, and/or
confederated
with Frankie Lafontant and/or an unknown black male to cause first degree murder to be committed either by them or one of them, or by some other person.
(emphasis added). Casimir claims that the use of the and/or conjunction in this instruction constitutes fundamental error, and therefore, appellate counsel's failure to raise the issue on appeal denied him effective assistance of appellate counsel. We disagree. The instruction, as given, provided that before the jury could find Casimir guilty of conspiracy, the State was required to prove that Casimir intended to kill the victim, that in order to carry out that intent, he conspired with his brother, Frankie Lafontant, an unknown black man, or both, to effectuate the crime. Thus, unlike Davis v. State, 804 So.2d 400 (Fla. 4th DCA 2001), and other cases where it was determined that fundamental error occurred due to the use of an "and/or" conjunction in a jury instruction, Casimir could not be found guilty of the crime unless he personally intended that the murder be committed and conspired with at least one other person to carry out that intent. See also Lloyd v. Crosby, 917 So.2d 988 (Fla. 3d DCA 2005)(finding no fundamental error in the use of the "and/or" conjunction when it is clear that the defendant's conviction could not be based solely upon finding that another defendant's conduct satisfied the elements of the offense).
*475 We also find that Casimir's final argument, that appellate counsel abandoned his claim regarding the inadmissibility of the 911 tape recording introduced at trial, is meritless, as appellate counsel clearly did not abandon this claim, as it was one of the points argued in direct appeal.
Petition denied.