# Third District Court of Appeal

## State of Florida

Opinion filed January 24, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-240
Lower Tribunal No. 01-18524A
_____

**Rodney H. Holmes,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Nushin G. Sayfie, Judge.

Rodney H. Holmes, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before LOGUE, SCALES and LINDSEY, JJ.

PER CURIAM.

Rodney Holmes appeals the Miami-Dade Circuit Court's denial of his petition for a writ of habeas corpus. In 2002, Holmes was convicted of attempted first degree murder, attempted robbery, and attempted burglary with an assault; and the jury further found that a firearm was discharged and caused great bodily harm during the commission of these crimes. The trial court sentenced Holmes to life imprisonment.[1] This sentence was affirmed in Holmes v. State, 883 So. 2d 350 (Fla. 3d DCA 2004).

Thereafter, Holmes has filed ten post-conviction motions or petitions in this Court, including the instant petition.[2] He has attacked his sentence unsuccessfully by arguing that his sentence under a firearm enhancement was unlawful because there was insufficient evidence at trial that he possessed or discharged a firearm during the alleged crimes (an argument he again makes in pending case 3D16-2076). In the instant appeal, Holmes alleges that his life sentence is unconstitutionally impermissible because it is indefinite. As the trial court noted in

---

[1] The trial court entered an order in 2009, to make a technical correction to the sentence, but the corrected order left intact the life sentence.

[2] Holmes v. State, 221 So. 3d 626 (Fla. 3d DCA 2016) (table); Holmes v. State, 203 So. 3d 167 (Fla. 3d DCA 2016) (table); Holmes v. State, 134 So. 3d 465 (Fla. 3d DCA 2014) (table); Holmes v. State, 107 So. 3d 419 (Fla. 3d DCA 2013) (table); Holmes v. State, 46 So. 3d 1010 (Fla. 3d DCA 2010) (table); Holmes v. State, 46 So. 3d 631 (Fla. 3d DCA 2010) (table); Holmes v. State, 982 So. 2d 698 (Fla. 3d DCA 2008) (table); Holmes v. State, 956 So. 2d 1195 (Fla. 3d DCA 2007) (table). In addition, Holmes has another post-conviction appeal pending in this Court in case number 3D16-2076.

2

its written order below, this issue has been resolved by the Florida Supreme Court adverse to Holmes's position. Ratliff v. State, 914 So. 2d 938, 940 (Fla. 2005) (holding that a sentence of life imprisonment does not violate the proscription in Article I, Section 17 of the Florida Constitution against an indefinite term of imprisonment).

Accordingly, we deny the instant petition.

### ***ORDER TO SHOW CAUSE***

Holmes is hereby directed to show cause, within forty-five days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, petitions, motions or other proceedings related to his criminal sentencing in circuit court case number 01-18524A.

If Holmes does not demonstrate good cause, any such further and unauthorized filings by Holmes will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including forfeiture of gain time. See § 944.279(1), Fla. Stat. (2017).

Petition denied. Order to show cause issued.