[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12685
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-21501-CMA


JOHN H. NELSON,

Plaintiff-Appellant,

versus

JOHN DOES,
State Legislators Employed at the Capitol,
STATE ATTORNEY, OFFICE OF THE STATE ATTORNEY,
11TH JUDICIAL CIRCUIT OF MIAMI DADE COUNTY,
Circuit Court Judges in their official capacity,
JOHN DOE, I,
State Legislator,
JOHN DOE, II,
State Legislator, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 8, 2019)

Before ED CARNES, Chief Judge, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

John Nelson was sentenced to life imprisonment under Florida law. He then brought a pro se action under 42 U.S.C. § 1983 against Florida legislators claiming that his life sentence is unconstitutionally indefinite under the Florida constitution and violates the Fourteenth Amendment of the constitution of the United States. The district court dismissed Nelson's complaint sua sponte. He now appeals.

We review de novo a district court's dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(b)(ii) viewing the allegations in the complaint as true. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal of a case is available when a defense "is an obvious bar given the allegations." Sibley v. Lando, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005). Absolute immunity protects state legislators when their actions "are necessary to preserve the integrity of the legislative process." Yeldell v. Cooper Green Hosp., Inc., 956 F.2d 1056, 1062 (11th Cir. 1992) (quotation marks omitted).

Here the defendants are clearly entitled to absolute immunity for their legislative actions. Nothing could be so clearly within the "sphere of legitimate legislative activity" than debating and enacting legislation. See Tenney v. Brandhove, 341 U.S. 367, 376, 71 S. Ct. 783, 788 (1951). And even if immunity did not bar Nelson's suit, it would lack merit because the Florida Supreme Court

2

has held that life sentences are not unconstitutionally indefinite under the Florida constitution and the United States Supreme Court has held that life sentences do not violate the federal constitution.  See Ratliff v. State, 914 So. 2d 938, 940 (Fla. 2005); Harmelin v. Michigan, 501 U.S. 957, 995, 111 S. Ct. 2680, 2701 (1991).[1]

**AFFIRMED.**

---

[1] Nelson also moved to appoint counsel and certify a class consisting of all prisoners sentenced to life imprisonment under Florida law, as well as for a preliminary injunction and declaratory judgment finding that such sentences are unconstitutional.  Nelson's contention that the district court abused its discretion in denying these motions is unavailing.  The Supreme Court of Florida and the Supreme Court of the United States have unambiguously rejected Nelson's constitutional claims.  We cannot say that the district court abused its discretion in finding that there were no exceptional circumstances warranting the appointment of counsel, and that Nelson's claims were unlikely to succeed on the merits.  See Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (noting that the appointment of counsel is appropriate only when exceptional circumstances are present, such as when "the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (finding that injunctive relief is inappropriate where a plaintiff is unlikely to succeed on the merits).