# Third District Court of Appeal

## State of Florida

Opinion filed April 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0349
Lower Tribunal No. F87-21570
_____

**James Louis Padgett,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

James Louis Padgett, in proper person.

James Uthmeier, Attorney General, and Camilo Montoya, Assistant Attorney General, for appellee.

Before EMAS, LOBREE and GOODEN, JJ.

PER CURIAM.

A life sentence is not impermissible "indefinite imprisonment" under the Florida Constitution. Art. I, § 17, Fla. Const. See also Ratliff v. State, 914 So. 2d 938, 940 (Fla. 2005) ("[A]ny sentence, even one of a short duration, can potentially exceed a defendant's life span. The fact that the judicial system has no way of knowing how long the defendant will live and therefore cannot know how long the defendant will be incarcerated does not render a life sentence unconstitutionally indefinite. It is abundantly clear that the Legislature, by prescribing a sentence of life imprisonment, intends that the defendant remain in prison for the rest of his life. The term 'life' is sufficiently definite so that it can be understood and applied.") (internal citations omitted); Alvarez v. State, 358 So. 2d 10, 12 (Fla. 1978) ("We reject the notion that an individual's life expectancy should be used, or was intended by the Legislature to be used, to mark the longest term which a particular defendant should serve. Any sentence, no matter how short, may eventually extend beyond the life of a prisoner."); Johnson v. Crosby, 897 So. 2d 546, 547 (Fla. 3d DCA 2005); Lopez v. State, 895 So. 2d 1282, 1282 (Fla. 3d DCA 2005); Enriquez v. State, 885 So. 2d 892, 892 (Fla. 3d DCA 2004).

Affirmed.