DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGE DECOSTA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-0682

[July 30, 2025]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Jr., Judge; L.T. Case No. 74-2159CF10D.

George Decosta, Century, pro se.

No appearance required for appellee.

PER CURIAM.

George Decosta appeals the denial of a rule 3.800(a) motion alleging his life sentence for second-degree murder is an illegal indefinite sentence. No reversible error is shown, and we affirm.

The Florida Supreme Court has long held that a life sentence is not unconstitutionally indefinite. *Ratliff v. State*, 914 So. 2d 938, 940 (Fla. 2005). "The fact that the judicial system has no way of knowing how long the defendant will live and therefore cannot know how long the defendant will be incarcerated does not render a life sentence unconstitutionally indefinite." *Id.* "The term 'life' is sufficiently definite so that it can be understood and applied." *Id.*

Decosta has not shown that *Ratliff* is inconsistent with the Florida Supreme Court's analysis of the indeterminate sentence statute in *Carnley v. Cochran,* 118 So. 2d 629 (Fla. 1960), nor otherwise wrongly decided.

Any reliance on the Florida Supreme Court's discussion of involuntary civil commitment for life as indefinite is misplaced. *See, e.g., Manning v. State*, 913 So. 2d 37, 37 (Fla. 2005); *Williams v. State*, 889 So. 2d 804, 806

(Fla. 2004) (citing *Pullen v. State*, 802 So. 2d 1113 (Fla. 2001), and addressing civil commitment as a sexually violent predator under the Jimmy Ryce Act). Civil commitment under the Jimmy Ryce Act is indefinite because it is not a set or known term, and the involuntary commitment could potentially be for the remainder of the person's life. *See Williams*, 889 So. 2d at 806.

A life *sentence* by contrast is set and definite even if the ultimate duration of the term is not known until the offender dies. *See Ratliff*, 914 So. 2d at 940. The Florida Supreme Court has not receded from *Ratliff*, which remains binding.

*Affirmed.*

DAMOORGIAN, FORST and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2