BARKDULL, Chief Judge.
This case arises out of the same automobile accident described in Fontainebleau Hotel Corporation v. Postol, Fla.App.1962, 142 So.2d 299.
Appellees, Eleanor Singer and Myron J. Singer, brought a personal injury action against the appellant, Joseph M. Postol, as the owner of the vehicle involved, and against Fontainebleau Hotel Corporation and its employee, Roy Creighton Blakeney, as the bailee for hire and driver of the vehicle, for damages sustained from the accident. In said action, the appellant, Pos-tol, filed a cross claim seeking indemnification against Fontainebleau Hotel and Blak-eney for any damages that he might be required to pay to the Singers on the original action and the attorney’s fees incurred in defense of the cross claim. Fontaine-bleau Hotel and Blakeney stipulated with the plaintiffs [the Singers] for dismissal of this action with prejudice. Postol did not join in this stipulation for dismissal. Subsequently, upon a motion to dismiss, Pos-tol’s cross claim was dismissed as against Fontainebleau and Blakeney, and a review of this final order is sought by these proceedings.
It appears that the trial court erred in dismissing the cross claim. Postol sought two things by his cross action: first, indemnification for damages, if any, which he might be required to pay the Singers and, second, attorney’s fees for defending the action. By the stipulation, the other parties to the law suit [without the consent of Postol] eliminated the first claim of Postol. But, without his joining in the stipulation, they could not deprive him of his right to attorney’s fees in defending the action up to the point of the stipulation *244 of dismissal. See: Fontainebleau Hotel Corporation v. Postol, supra. Counsel for the appellees urges that this case is controlled by Jacobi v. Claude Nolan, Inc., Fla.App.1960, 122 So.2d 783. However, it is apparent from a reading of this opinion that no claim for attorney’s fees was involved and, therefore, that decision is not determinative of this appeal.
For the reasons stated, the order reviewed herein is reversed and this cause is remanded to the trial judge to consider, upon appropriate pleadings, the reasonableness of an attorney’s fee to be awarded to the appellant.
Reversed and remanded, with directions.