VILLANTI, Judge.
F. Annette Morroni appeals the order dismissing her action against Marshall Peeples with .prejudice. Because the order dismissing Morroni’s action was entered based on a stipulation to which Mor-roni was not a party, we reverse.
On January 8, 2003, Morroni and a co-plaintiff, Spectra Properties, Inc., filed a complaint against Peeples seeking a declaratory judgment concerning the parties’ respective rights under a land trust agreement and seeking certain payments allegedly due to them under the agreement. Peeples filed a motion to dismiss, contending that the complaint failed to contain sufficient allegations to support a declaratory judgment action. The motion to dismiss contained no other basis for dismissal. On March 20, 2003, the trial court granted the motion to dismiss without prejudice and gave the plaintiffs leave to file an amended complaint “on or before June 10, 2003.”
In April 2003, Peeples and Spectra entered into a stipulation for a dismissal of Spectra’s claims with prejudice. Peeples submitted, the stipulation to the court along with a proposed “Order Dismissing Action with Prejudice.” This proposed order named both Morroni and Spectra as plaintiffs and stated that based on the stipulation, “this action” would be dismissed with prejudice. No distinction was made in the proposed order between Mor-roni’s claims and Spectra’s claims. Neither Morroni nor her attorney was advised of the negotiations- that resulted in the stipulation or of the stipulation itself, and neither was provided with a copy of the proposed order before it was submitted to the court. The trial court signed the proposed order on April 30, 2003.
*367 On May 5, 2003, when counsel for Mor-roni received the signed order dismissing the action with prejudice, he wrote to counsel for Peeples, pointing out that the order did not reflect that the action was dismissed with prejudice only as to Spectra. The letter stated, in pertinent part, “Your proposed Order perhaps mistakenly caused the entire action to be dismissed with prejudice, including the claim of F. Annette Morroni who was not a party to your Stipulation and who has not agreed to a dismissal with prejudice of her claim.” Morroni requested that Peeples take steps immediately to correct the error to avoid the necessity of a motion for rehearing or an appeal. Peeples took no action in response to the letter, and Morroni filed this appeal on May 80, 2003.
On appeal, Morroni contends that the order dismissing the action with prejudice must be reversed because she was not a party to the stipulation that resulted in the dismissal. We agree. There is no question that Morroni is not bound by the stipulation between Spectra and Peeples because she was not a party to that stipulation. See, e.g., Dealers Ins. Co. v. Haidco Inv. Enters., Inc., 638 So.2d 127 (Fla. 3d DCA 1994) (holding that a surety could not be bound by the stipulation of its principal when the surety was not a party to the stipulation); State Road Dep’t v. Bramlett, 179 So.2d 137 (Fla. 1st DCA 1965) (holding that a lessee’s rights in a condemnation action could not be barred by a stipulation entered solely between the lessor and the government), reversed on other grounds, 189 So.2d 481 (Fla.1966); Postol v. Singer, 159 So.2d 243 (Fla. 3d DCA 1964) (holding that a stipulation between a plaintiff and one codefendant could not bar claims by a nonstipulating codefendant). Because the order dismissing the action with prejudice is premised solely on the stipulation between Spectra and Peeples, that order cannot bind Morroni or dispose of her claims.
Peeples seems to recognize this principle but argues that the dismissal should nevertheless be affirmed because Morroni had no standing to sue for a real estate commission in her own right. Peeples contends that section 475.42(l)(d), Florida Statutes (2002), requires any claim for a real estate commission to be brought by the broker, not the individual sales person. This argument has two flaws.
First, on a procedural level, this argument is improper on appeal because it was never raised in the trial court. Appellate courts generally will not consider issues or arguments raised on appeal that were not first made and ruled upon in the trial court. Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla. 1999); Dober v. Worrell, 401 So.2d 1322, 1323-24 (Fla.1981). Here, Peeples never sought dismissal of Morroni’s complaint based' on section 475.42(l)(d). Instead, Peeples sought dismissal only on the issue of pleading defects in the complaint. Because Peeples never presented the issue of the applicability of section 475.42(l)(d) to the trial court, it is improper for him to raise the issue on appeal.
Second, on a substantive level, section 475.42(l)(d) does not bar Morroni’s action because her complaint does not seek a real estate commission. Rather, Morroni seeks a declaratory judgment concerning her rights to various payments allegedly due under the land trust agreement. Because the complaint seeks judicial interpretation of a contract between Morroni and Pee-ples, the dismissal of the action cannot be sustained on the basis of section 475.42(l)(d).
Here, the order dismissing- the action with prejudice improperly bars the claims of a plaintiff who was not a party to the stipulation upon which the dismissal was predicated. Accordingly, we reverse the *368 order dismissing the action with prejudice as to Morroni and remand for whatever further proceedings Morroni chooses to pursue.
Reversed and remanded.
ALTENBERND, C.J., and STRINGER, J., concur.