913 So.2d 37 (2005)
Roger Brett MANNING, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-5106.
District Court of Appeal of Florida, First District.
September 22, 2005.
Rehearing Denied November 2, 2005.
Nancy A. Daniels, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Roger Brett Manning, the appellant, seeks review of an order of the trial court authorizing his involuntary civil commitment pursuant to the Jimmy Ryce Act. §§ 394.910-394.931, Fla. Stat. (2000). The only issue raised on appeal is whether appellant was denied effective assistance of counsel below.
The supreme court has previously recognized that an individual who faces involuntary commitment to a mental health facility has a liberty interest at stake, and therefore has the right to the effective assistance of counsel at all significant stages of the commitment process. Pullen v. State, 802 So.2d 1113 (Fla.2001). In Williams v. State, 889 So.2d 804, 806 (Fla. 2004), the supreme court noted that a person committed under the Jimmy Ryce Act could be held in a secure facility for the remainder of that person's life and that "an involuntary civil commitment resulting in an individual's confinement for an indeterminate, and potentially indefinite, period of time presents the sort of `massive curtailment of liberty interests' with which we were concerned in Pullen."
The appellant acknowledges that there is no case law in Florida holding that an individual can raise ineffective assistance of counsel on direct appeal from an order of civil commitment. The appellant argues *38 that ineffective assistance of counsel should be cognizable on direct appeal because, unlike criminal defendants, there is no procedure established by statute or court rule for a remedy such as post-conviction relief to assert such claims. We cannot agree. Any attempt to address the issue of ineffective assistance of counsel on direct appeal would be subject to the same problems inherent in addressing the issue in the criminal context. The trial judge has not made any findings regarding the issue. Other than the rare case where counsel's ineffectiveness can be discerned from the face of the record, claims of ineffective assistance of counsel need to be raised in some type of collateral proceeding where fact finding can take place.
As the appellant correctly notes, there are also various problems with requiring an individual who has been involuntarily committed to raise the issue of ineffective assistance of counsel by filing a petition for writ of habeas corpus. Habeas corpus proceedings must be initiated in the jurisdiction where custody lies.
Absent a procedural rule comparable to Rule 3.850, any viable claims of ineffective assistance of counsel in commitment proceedings would therefore have to be brought not in the trial court that conducted the trial, possesses the records, and has familiarity with the case, but in the circuit in which the commitment facility is situatedtypically a circuit other than the one in which the trial was conducted. Thus, without an appropriate rule of procedure, circuit court judges in Palm Beach or Martin counties (where the custodial institutions are currently situated) will be asked to determine whether trial counsel from cases conducted in Hillsborough, Duval, or Leon counties were ineffective. The judges in the circuits in which custody lies will not have ready access to the relevant trial court records. Any attorneys representing the committed individual and the state will likely come from the distant circuits in which the cases were originally tried. Relevant witnesses, in the event of evidentiary hearings, will not be likely to have connections to the circuit in which the post-commitment claim has been brought. In short, absent an appropriate rule of procedure authorizing the original trial court to litigate post-commitment claims of ineffective assistance of counsel or newly discovered evidence, a logistical dilemma will likely result.
Richard L. Polin, Sexually Violent Predator Commitment Proceedings: A Proposal for Rules of Procedure, The Florida Bar Journal, February 2001, at 51. As with criminal defendants, there is no provision for appointed counsel to represent the individual in a habeas corpus proceeding. Unlike criminal defendants, however, it is possible that individuals involuntarily committed pursuant to the Jimmy Ryce Act are placed in facilities with no access to law libraries or any other type of legal assistance.
Although raising the issue of ineffective assistance of counsel by petition for writ of habeas corpus may be inconvenient, it is the only avenue available until either the Florida Legislature or the Florida Supreme Court acts to provide procedures for collateral relief. Appellant's counsel has failed to identify any meritorious issue cognizable on direct appeal. Accordingly, we DISMISS the appeal.
BARFIELD, BROWNING, and HAWKES, JJ., concur.