974 So.2d 480 (2008)
Donald Raymond IVEY, Petitioner,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Respondent.
No. 2D07-4838.
District Court of Appeal of Florida, Second District.
January 25, 2008.
*481 Jeampa L. Cohen of Cohen & DePaul, P.A., Tampa, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Joseph H. Lee, Assistant Attorney General, Tampa, for Respondent.
ALTENBERND, Judge.
Donald Raymond Ivey filed a petition for habeas corpus or, in the alternative, petition for writ of certiorari in this court. He is attempting to present a claim of ineffective assistance of trial counsel relating to his representation in a civil commitment proceeding in the Sixth Judicial Circuit pursuant to the Involuntary Civil Commitment of Sexually Violent Predators Act (the Jimmy Ryce Act), §§ 394.910.931, Fla. Stat. (2001). No one contests his constitutional right to effective assistance of counsel in that proceeding. No one suggests that he should be denied the right to present a claim of ineffective assistance of counsel. Nevertheless, no court seems to have an adequate procedural method to address this issue, which is of a constitutional dimension. We conclude that a district court does not have authority to conduct the evidentiary hearing required by Mr. Ivey's petition. Thus, we deny this petition, but certify the following question of great public importance:
MAY A DISTRICT COURT OF APPEAL CONDUCT AN EVIDENTIARY HEARING AND RULE UPON A PETITION FOR WRIT OF HABEAS CORPUS OR CERTIORARI FROM A CIVIL DETAINEE SUBJECT TO THE JIMMY RYCE ACT WHEN THE DETAINEE ALLEGES INEFFECTIVE ASSISTANCE OF COUNSEL?
In 1995, Mr. Ivey committed a lewd and lascivious assault on a victim under the age of sixteen in Pinellas County when he was nineteen years old. He was convicted of the offense and sentenced to fifty months' imprisonment. Prior to his release from prison in 2001, the State filed a civil commitment proceeding against him. Following a nonjury trial, Mr. Ivey was found to be a sexually violent predator and was civilly committed. He appealed that ruling, and we affirmed the commitment order. *482 Ivey v. State (In re Commitment of Ivey), 918 So.2d 300 (Fla. 2d DCA 2005) (table decision).
During the pendency of the direct appeal, Mr. Ivey filed an emergency petition for writ of habeas corpus in this court claiming ineffective assistance of counsel. In October 2005, we dismissed the petition in an unpublished order that instructed him that the dismissal was "without prejudice to file in the circuit court." See Ivey v. State (In re Commitment of Ivey), 912 So.2d 1224 (Fla. 2d DCA 2005) (table decision).
Accordingly, in December 2005, Mr. Ivey filed a petition for writ of habeas corpus in the circuit court in and for DeSoto County where he is detained. In that petition, he again attempted to allege ineffective assistance of counsel. In December 2006, the circuit court in DeSoto County denied his petition. Obeying the rule of law explained in Alachua Regional Juvenile Detention Center v. T.O., 684 So.2d 814 (Fla.1996), that court concluded that it was empowered to decide only whether the circuit court in the Sixth Judicial Circuit had jurisdiction to enter the commitment order and whether the final judgment was void. Thus, it denied the petition without reaching the merits of Mr. Ivey's claim that his trial counsel was ineffective. Mr. Ivey did not appeal this order.
Undeterred, in January 2007, Mr. Ivey filed a petition for writ of habeas corpus in the circuit court of the Sixth Judicial Circuit where he had been tried. That court denied his petition, explaining that it had no jurisdiction over the location of his detention. It agreed that a petition for writ of habeas corpus was the correct method to challenge his detention according to the First District's decision in Manning v. State, 913 So.2d 37, 37 (Fla. 1st DCA 2005). It declined to disagree with the circuit court in DeSoto County, but it also declined to provide relief. In closing, the circuit court in the Sixth Judicial Circuit noted that the petition did not comply with the pleading requirements of Florida Rule of Criminal Procedure 3.850, but it did not grant leave to amend the motion because the court concluded it would have no authority under that rule to consider a claim of ineffective assistance of counsel in a civil case.
As a result of these orders, Mr. Ivey returned once again to this court seeking a writ of habeas corpus or a writ of certiorari to address his claim of ineffective assistance of counsel. This court, of course, cannot conduct evidentiary hearings. We have considered whether we could or should appoint a circuit court judge in the Sixth Judicial Circuit as our commissioner to conduct such a hearing. If we took that approach, it is unclear whether Mr. Ivey could then receive any meaningful appellate review from our ruling in the supreme court. Moreover, it is only coincidental that this court has territorial jurisdiction over both the location of Mr. Ivey's detention and the circuit court in which he was tried. Many, if not most, detainees at the Jimmy Ryce facility in DeSoto County were tried in circuit courts whose decisions cannot be reviewed by this court. We doubt that it would be appropriate for this court to appoint circuit court judges outside our territorial jurisdiction to be this court's commissioners in reviewing petitions for habeas corpus from detainees who were tried in circuit courts in other districts.
A person whom the State is seeking to have committed under the Jimmy Ryce Act has the right to effective assistance of counsel at all significant stages of the commitment process. The supreme court explained in Pullen v. State, 802 So.2d 1113 (Fla.2001):

*483 Clearly, an individual who faces involuntary commitment to a mental health facility has a liberty interest at stake. Accordingly, this Court has held that "[t]he subject of an involuntary civil commitment proceeding has the right to the effective assistance of counsel at all significant stages of the commitment process. By significant stages we mean all judicial proceedings and any other official proceeding at which a decision is, or can be, made which may result in a detrimental change to the conditions of the subject's liberty." In re Beverly, 342 So.2d 481, 489 (Fla.1977) (citation omitted); accord Jones v. State, 611 So.2d 577, 579 (Fla. 1st DCA 1992).
Id. at 1116.
In Manning, 913 So.2d at 38, the First District held that in the absence of a procedural rule comparable to rule 3.850, the proper vehicle for raising claims of ineffective assistance of trial counsel in a Jimmy Ryce proceeding is by way of a petition for writ of habeas corpus in the circuit court wherein custody lies, which in this case is in the circuit court of the Twelfth Judicial Circuit in DeSoto County. While that ruling is not illogical, we also recognize that the circuit court in DeSoto County was not unreasonable when it followed the much more restrictive review authorized by T.O.
The writ of habeas corpus has been recognized in Florida since the earliest territorial statutes. See Valdez-Garcia v. State, 965 So.2d 318, 320 (Fla. 2d DCA 2007). Although it is a flexible writ for obtaining release from custody when one is illegally detained, it has limitations. This case demonstrates that it is not a particularly good writ for the purpose of reviewing a claim of ineffective assistance of counsel.
Before we are too critical of the limitations of the great writ, it may be useful to observe that the theory of "ineffective assistance of counsel" is of relatively recent origin.[1] The phrase "ineffective assistance of counsel" first appears in a case reviewing a claim under Florida Rule of Criminal Procedure 1, the precursor to rule 3.850. See State v. Barton, 194 So.2d 241, 244 n. 9 (Fla.1967) (quoting Edwards v. United States, 256 F.2d 707, 709 (D.C.Cir.1958)).[2] The theory was not generally available prior to that time because one could not generally make a claim of ineffective assistance for privately retained counsel. See Byrd v. State, 220 So.2d 14 (Fla. 3d DCA 1969). Thus, until the United States Supreme Court held that the Sixth Amendment right to counsel applied to the states in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), this theory had virtually no application in Florida courts. Thus, despite the long history of the writ of habeas corpus, it has never actually needed to serve as a regular method to review claims of ineffective assistance of trial counsel because modern postconviction procedures were established before these claims became common.[3]
*484 We agree with the Manning court that the process of using a petition for habeas corpus in DeSoto County is cumbersome, inconvenient, and unsatisfactory because, in the many cases, the circuit in which the commitment facility is situated is not the circuit where the commitment proceedings occurred. In this case, the trial occurred in Pinellas County and it would not be a great burden for trial counsel to appear in DeSoto County to testify about issues relating to his or her effectiveness. It would, however, be highly impractical to conduct such hearings in DeSoto County for cases tried in Pensacola, Panama City, or Key West.
If this court had rule-making authority, we would probably devise a rule similar to rule 3.850 for use in these specific civil proceedings.[4] Only the supreme court has that power. See Art. V, § 2(a), Fla. Const. The best that we can do is to instruct Mr. Ivey to file his petition once again in DeSoto County. Because we have not disagreed with the decision in Manning, he should be free to argue that he is entitled to a hearing before that court, applying a standard of review similar to rule 3.850 for claims of ineffective assistance of counsel despite the narrower standard announced by the supreme court in T. O.
Because we recognize that, under the case law, Mr. Ivey has fallen into a whirlpool from which he may never escape with a ruling on the merits, we have certified the question at the beginning of this opinion to provide the supreme court with an opportunity to establish a procedure that gives detainees like Mr. Ivey a method to obtain timely relief for such claims.
Petition for writ of habeas corpus denied.
WHATLEY and STRINGER, JJ., Concur.
NOTES
[1] A Westlaw search reveals only two references to "ineffective assistance of counsel" in Florida case law prior to 1970 and eleven prior to 1975. As of the end of 2007, Florida case law contains 2956 references to this theory.
[2] The theory of ineffective assistance of counsel is discussed in cases somewhat earlier, using various terminology. See, e.g., Simpson v. State, 164 So.2d 224 (Fla. 3d DCA 1964) (discussing "the right to question the competence of such counsel"); Webster v. State, 156 So.2d 890 (Fla. 1st DCA 1963).
[3] The writ is frequently used to claim ineffective assistance of appellate counsel. See Freeman v. State, 761 So.2d 1055, 1069 (Fla. 2000). Such claims, however, are rarely factintensive and can frequently be resolved as an issue of law that is apparent on the face of the appellate record.
[4] It may be helpful for this court to observe that the certified question contained in this opinion has been narrowly written to assure that it incorporates the actual issue that was dispositive of this case in this court. If the supreme court chooses to address this certifled question, we hope that it will consider the adoption of a procedure similar to rule 3.850 permitting the detainee to present this challenge in the circuit court where his case was actually tried.