STEVENSON, J.
 

 This case began with a mortgage foreclosure complaint filed by CB Loan Purchase Associates, LLC (“CB Loan”), against the first mortgagor, AJ Petroleum II, LLC (“AJ Petroleum”), and junior lien-holders, VMD Financial Services, Inc. (“VMD”) and BPS R.E. Holdings, LLC (“BPS”). The trial court subsequently entered a final judgment of foreclosure pursuant to a settlement agreement entered into between only CB Loan and AJ Petroleum. This appeal was filed by VMD and BPS. Because VMD and BPS were not parties to the settlement agreement, we reverse.
 

 In its complaint, CB Loan sought to foreclose upon a first mortgage that it held on the subject property. VMD and BPS both held subordinate interests in that property. Subsequent to filing the complaint, CB Loan, AJ Petroleum, VMD and BPS entered into a settlement agreement. The settlement agreement acknowledged that VMD and BPS held junior mortgages and granted BPS the right to receive notices of default, as well as the right to cure. The agreement was entered as an agreed order on April 28, 2009.
 

 On February 3, 2010, CB Loan filed a motion to enforce the settlement agreement and to re-institute the foreclosure action. At the hearing held on this motion, and before the parties had presented any evidence, CB Loan stated that it was prepared to announce on the record the terms of a new settlement that it had reached with AJ Petroleum. VMD and BPS informed the trial court that they had not agreed to any new settlement agreement; however, the trial court permitted the new agreement to be read into the record. The new agreement called for
 
 *999
 
 entry of a final judgment of foreclosure and granted an entity designated by AJ Petroleum a five-year option to purchase the property. VMD and BPS objected to this and requested the opportunity to defend their interests in the property and to present evidence of their attempts to cure. The trial court declined this request, adopted the new settlement agreement and issued a final judgment of foreclosure. The property was subsequently sold at a judicial sale. VMD and BPS now appeal, arguing that preventing them from defending their interest in the property denied them due process.
 

 “Whether the trial court has complied with the guarantees of due process is subject to de novo review.”
 
 Dep’t of Revenue ex reí Poynter v. Bunnell,
 
 51 So.3d 543, 546 (Fla. 1st DCA 2010). Due process requires that a party ‘“be given ... a real opportunity to be heard and defend in an orderly procedure, before judgment is rendered against him.’ ”
 
 Burch v. City of Lakeland,
 
 891 So.2d 654, 656 (Fla. 2d DCA 2005) (quoting
 
 Dep’t of Law Enforcement v. Real Prop.,
 
 588 So.2d 957, 960 (Fla.1991)). VMD and BPS were completely denied the opportunity to defend their interests in the property. Further, VMD and BPS were not parties to the new settlement agreement and did not agree to, nor were they bound by, its terms.
 
 Cf Seminole Elec. Co-op., Inc. v. Dep’t of Envtl. Prot.,
 
 985 So.2d 615, 621 (Fla. 5th DCA 2008) (“As a general rule,
 

 ... stipulations are binding on the parties who enter them.... ”). Thus, entry of the final judgment of foreclosure was error because it adjudicated the rights of VMD and BPS without allowing them the opportunity to defend their interests.
 
 See, e.g., Morroni v. Peeples,
 
 872 So.2d 366, 367 (Fla. 2d DCA 2004) (reversing order of dismissal that occurred pursuant to stipulation agreement because the appellant was not a party to the stipulation and was not bound by it). Our reversal of the final judgment of foreclosure renders sale of the property invalid.
 
 See, e.g., Haren v. Sundie,
 
 233 So.2d 417, 418 (Fla. 3d DCA 1970) (“[A] sale pursuant to a judgment which has been reversed is not a valid sale.”).
 

 Reversed.
 

 GROSS, J., and STREITFELD, JEFFREY E., Associate Judge, concur.