IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MARK PRESTON BOHNER,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1808

Opinion filed February 16, 2015.

An appeal from the Circuit Court for Santa Rosa County.
John L. Miller, Judge.

Nancy A. Daniels, Public Defender, and Joanna A. Mauer, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Charles R. McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.

BILBREY, J.

      This case is before us on direct appeal in an Involuntary Civil Commitment of Sexually Violent Predators Act case (the Jimmy Ryce Act), sections 394.910-931, Florida Statutes, with Mark Preston Bohner, the appellant/committee alleging

ineffective assistance of trial counsel.  No other claim of error is asserted in the appeal.

In Manning v. State, 913 So. 2d 37 (Fla. 1st DCA 2005), we held that claims of ineffective assistance of trial counsel in Jimmy Ryce Act cases cannot be raised on direct appeal, except in "the rare case where counsel's ineffectiveness can be discerned from the face of the record ..."  Although Jimmy Ryce Act cases are civil in nature, this same prohibition against raising ineffectiveness of counsel claims on direct appeal -- except where the ineffectiveness is apparent on the face of the record -- applies in criminal cases.  Gore v. State, 784 So. 2d 418, 437-8 (Fla. 2001).

Subsequent to our decision in Manning and subsequent to Judge Altenbernd pointing out in Ivey v. Department of Children and Family Services, 974 So. 2d 480 (Fla. 2d DCA 2008), the need for a rule of procedure to address the appropriate mechanism to bring an ineffective assistance of trial counsel claim in a Jimmy Ryce Act case, the Florida Supreme Court adopted rule 4.460, Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators.  The rule provides that ineffectiveness of trial counsel may be asserted by filing a habeas corpus petition.

The State asks us to hold that rule 4.460, Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators, now provides the sole

mechanism to raise an ineffective assistance of trial counsel claim in a Jimmy Ryce Act case. We find it unnecessary to decide that issue. The appellant has not shown trial counsel to be ineffective from the face of the record in this direct appeal and no claim for extraordinary relief is before the Court. Accordingly, we DISMISS the appeal.

RAY and MAKAR, JJ., CONCUR.