EDWARDS, J.
Tanner Andrews et al. (“Appellants”) appeal the trial court’s entry of a final judgment of foreclosure in favor of Bay-view Loan Servicing, LLC (“Appellee”). Appellants are junior lienholders of the property in question by virtue of having obtained judgments that attached as liens on the mortgaged property.[1] Appellants correctly argue that the final judgment of foreclosure was improper because Appel-lee did not present any evidence and no trial took place. Accordingly, we reverse the final judgment and remand for further proceedings. • . •
Appellee filed its foreclosure complaint, alleging that Bella Contessa, LLC (“Borrower”) executed and delivered a promissory note and.mortgage to Silver Hill Financial, LLC (“Silver Hill”). Appellee attached to its complaint a copy of the original mortgage and note, as well as the purported assignment of the mortgage and note from Silver Hill to Appel-lee.
Appellee’s ■ complaint included Borrower and Appellants as defendants. Appellants’ answer asserted that, inter alia, Appellee lacked standing and that Appellants, to the extent that the .proceeds of. the sale exceed the amount owed, .would be entitled to the surplus by virtue of their judgment liens, which attached to the mortgaged property.
On the date and time scheduled for trial, Appellee informed the court that there was no need for a trial as Appellee and Borrower had reached an agreement whereby they stipulated “to ’entry of judgment in-exchange for a waiver of deficiency as to the individual members of [Borrower’s company].” Appellee told the trial court that Appellants had not joined in the- settlement agreement. Appellee argued that Appellants’ joinder in the settlement agreement was unnecessary because they had not signed any of the loan documents and thus had no standing to contest the mortgage or its foreclosure.
*318 Appellants insisted that they were entitled to a trial in which Appellee would be required to establish a prima facie case demonstrating Appellee’s right to foreclose the mortgage and prove the amount owed by Borrower, with Appellants permitted to defend their interests. The trial court agreed with Appellee and granted “judgment in favor of [Appellee] over the objection of [... Appellants who were,] non-borrowers, non-parties to the agreement, based upon [the Borrower’s] consent to judgment and waiver of deficiency by” Ap-pellee.
Appellants then moved for involuntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(b), asserting that Appel-lee “has not proved a prima facie case.”[2] The trial court denied the motion. The pro forma language in the final judgment states that the court considered the testimony and evidence offered at trial; however, no witnesses testified, no exhibits were offered into evidence, and there was no trial. Appellants timely appealed the final judgment of foreclosure and the denial of their motion for involuntary dismissal.
It, “is axiomatic that the party seeking foreclosure must present sufficient evidence to prove the amount owed on the note.” Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 So.3d 280, 281 (Fla. 2d DCA 2014). Additionally, the party seeking foreclosure must establish that it has standing to foreclose and such standing must be acquired prior to filing suit. McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012).
Third persons whose rights or interests are adversely affected by a mortgage, such as junior mortgagees or creditors with an interest or lien in the underlying property, have standing to contest a foreclosure action brought by a party claiming a superior interest. Centerstate Bank Cent. Fla., N.A. v. Krause, 87 So.3d 25, 28 (Fla. 5th DCA 2012).
Generally, “stipulations are binding on the parties who enter them.” Seminole Elec. Co-op., Inc. v. Dep’t of Envtl. Prat, 985 So.2d 615, 622 (Fla. 5th DCA 2008).[3] Appellants were not parties to the settlement agreement between Appellee and Borrower and had not agreed to any of its terms. Therefore, Appellants were not bound by the settlement agreement. See VMD Fin. Servs., Inc. v. CB Loan Purchase Assocs., LLC, 68 So.3d 997, 999 (Fla. 4th DCA 2011). Instead of relying upon the settlement agreement, the trial court should have conducted the previously scheduled trial, which would have required Appellee to present its case and afforded Appellants the opportunity to defend their interests. Id.
We reverse the final judgment and remand to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORPY and EVANDER, JJ., concur.

. Appellants did not clearly set forth the facts, issues, or arguments in their briefs; nevertheless, they did sustain their burden of demonstrating reversible error.

. Florida Rule of Civil Procedure 1.42003) provides that "[a]fter a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted.” Fla. R. Civ. P. 1.420(b).

. We do not disturb the stipulated settlement agreement entered into between Appellee and Borrower; however, it is not binding in any respect upon Appellants.