DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BETH ANN ELISA ERLANDSSON,**
Appellant,

v.

**GUARDIANSHIP OF BETH ANN ELISA ERLANDSSON,**
Appellee.

Nos. 4D19-2521 & 4D19-2522

[May 6, 2020]

Consolidated appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Michael J. Linn, Judge; L.T. Case Nos. 31-2019-GA000024 and 31-2019-GA000025.

Charles E. Ray of Charles E. Ray, P.A., Port St. Lucie, for appellant.

No appearance for appellee.

WALSH, LISA S., Associate Judge.

Appellant Beth Ann Elisa Erlandsson appeals from an order appointing her parents as plenary guardians over her person and property. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const. For the reasons set forth below, we reverse and remand for a new hearing with respect to the parents' petition for limited guardianship.

### *Background*

Appellant's parents filed a petition for limited guardianship seeking to remove their daughter's rights specified in sections 744.3215(2) and (3), Florida Statutes (2019), except for her right to vote and right to marry. The petition alleged that Appellant was not attending to her basic medical and psychiatric needs and was unable to manage her own finances. The trial court appointed an examining committee to investigate and provide a report and recommendation to the court.

According to the committee's reports, Appellant was not taking care of her medical or psychiatric needs. Her diabetes was unchecked, resulting in significant blood sugar fluctuations, and her inattention to self-care

caused her to become blind in one eye and legally blind in the other. Her mental health fared no better. She was schizophrenic and extremely paranoid. She had recently been involuntarily committed to a mental health facility, and demonstrated a need for long-term psychiatric care. The examining committee unanimously reported that Appellant lacked the capacity to exercise her basic rights and recommended that a plenary guardian be appointed, which was in excess of the relief sought in the petition for limited guardianship.

The trial court appointed counsel to represent Appellant in the guardianship hearings. Appellant asked to discharge her appointed counsel, objecting throughout the hearing to her lawyer's representation and to having a guardianship imposed. Despite her client's objections, appointed counsel did not seek to withdraw, believing her client lacked the capacity to make the decision to fire her. Appellant continued to object to counsel's representation, and the trial court denied her request to discharge her lawyer.

At the hearing, appointed counsel briefly cross-examined one witness, but did not object to the admission of evidence and did not cross-examine the other witnesses. Appellant attempted to cross-examine a witness herself, but was prohibited from doing so. Appointed counsel declined to offer any evidence on Appellant's behalf, and Appellant complained, "I think my attorney should have some evidence and things in my favor." Finally, appointed counsel argued *in favor* of a plenary guardianship, against Appellant's clear and express wish that no guardianship be established:

> [APPOINTED COUNSEL]: Your Honor, based upon my conversations with my client and with her parents and the records that I saw I feel that a refusal to take medication for her schizophrenia and certain things that she has done to harm herself physically and medically.
>
> * * *
>
> APPELLANT: I have not harmed myself physically and I will not have her as the attorney and she has done nothing in my support or argued in my favor.
>
> * * *

2

> [APPOINTED COUNSEL]: And it's my understanding that she is blind in one eye and legally blind in the other because of actions that she took not protecting herself.
>
> * * *
>
> [APPOINTED COUNSEL]: In addition, she has diabetes and because she refuses to apply for SSI and get Medicaid the family can't afford to buy the insulin, and she's sharing her father's insulin. And because she refuses to take the medication for the schizophrenia her condition is only worsening. I'm not saying that in the future she might not have the capacity to exercise some of her rights, but unless she takes the medication she's never going to improve. *So at the present time I have to agree with [the Petitioner] that she has to be under guardianship.*

(emphasis added).

The trial court ordered a plenary guardianship, appointing Appellant's parents as guardians.

### *Analysis*

Questions of statutory interpretation are reviewed de novo. *Hilton v. State*, 961 So. 2d 284, 288 (Fla. 2007); *Borden v. E.-European Ins. Co.*, 921 So. 2d 587, 591 (Fla. 2006). Similarly, issues as to whether the trial court satisfied due process are reviewed de novo. *VMD Fin. Servs., Inc. v. CB Loan Purchase Assocs., LLC*, 68 So. 3d 997, 999 (Fla. 4th DCA 2011).

At several points during the hearing, Appellant clearly indicated her dissatisfaction with appointed counsel and her desire to proceed with substitute appointed counsel. On appeal, she urges this court to extend principles of constitutional criminal law to guardianship proceedings and argues that she was not afforded her right to counsel under the guardianship statute.

A trial judge in guardianship proceedings has a mandatory statutory obligation to appoint counsel for the alleged incapacitated person. This obligation is established under section 744.331(2)(b), Florida Statutes (2019):

**(2) Attorney for the alleged incapacitated person.—**

3

\* \* \*

> (b) The court shall appoint an attorney for each person alleged to be incapacitated in all cases involving a petition for adjudication of incapacity. The alleged incapacitated person may substitute her or his own attorney for the attorney appointed by the court.

Attorneys appointed pursuant to section 744.331(2)(b) are awarded reasonable fees, either "paid by the guardian from the property of the ward or, if the ward is indigent, by the state." § 744.331(7)(b), Fla. Stat. (2019).

Appellant first argues that she had a *constitutional* right to discharge counsel and either represent herself or require a new appointed lawyer. She argues that when she voiced her displeasure with counsel, the trial court should have conducted a colloquy under *Faretta v. California*, 422 U.S. 806 (1974) and *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973). *Faretta*[1] and *Nelson*[2] enforce the rights of a criminal defendant to the assistance of counsel and to self-representation under the Sixth Amendment to the United States Constitution, and Article I, section 16 of the Florida Constitution. The text of the Sixth Amendment applies *exclusively* to criminal matters, and not to guardianship proceedings.[3] Under *Faretta* and *Nelson*, the trial court had no obligation in a guardianship proceeding to substitute counsel or allow Appellant to represent herself.[4]

Similarly, we reject Appellant's argument that she has a constitutional right to challenge the effective assistance of her appointed counsel. In cases applying the due process clause of the Florida Constitution or the

---

[1] In *Faretta*, the United States Supreme Court enforced a criminal defendant's Sixth Amendment right to *self-representation in criminal* matters as "independently found in the structure and history of the constitutional text." 422 U.S. at 819 n.15.

[2] In *Nelson*, we held that when a criminal defendant voices displeasure with appointed counsel, a trial court is required to inquire whether there is a basis to believe counsel is ineffective, again, applying the Sixth Amendment. 274 So. 2d at 258–59.

[3] *See, e.g., Jones v. State*, 69 So. 3d 329, 334 (Fla. 4th DCA 2011) (*Faretta* inquiry not required in post-conviction proceedings); *Martinez v. Ct. of App. of Cal.*, 528 U.S. 152, 163 (2000) (no right of self-representation under *Faretta* in direct appeal from criminal conviction); *see also In re Conservatorship of Joel E.*, 33 Cal. Rptr. 3d 704, 708–11 (Cal. Ct. App. 2005) (the Sixth Amendment does not afford individuals a right to self-representation in civil proceedings).

[4] Moreover, Appellant never asked to represent herself.

federal constitution, courts have found that the appointment of counsel is required only in proceedings where incarceration or involuntary commitment may be imposed[5] or where a parent faces loss of the right to parenthood, such as in termination of parental rights proceedings.[6]  A right to effective assistance of counsel under the due process clause has not been extended beyond those areas.  *See S.B. v. Dep't of Children & Families*, 851 So. 2d 689, 694 (Fla. 2003) ("[I]n civil dependency proceedings which do not involve the possibility of criminal charges against the parent or the permanent termination of parental rights, there is no right to pursue a collateral proceeding questioning the competency of court-appointed counsel."); *In re Interest of D.B.*, 385 So. 2d 83, 87 (Fla. 1980) (constitutional right to counsel for parents in dependency matters arises only in proceedings which may result in permanent loss of parental custody).

We next address whether the trial court should have recognized that a conflict of interest existed between Appellant and her court-appointed counsel, and whether the court had a statutory duty to appoint new counsel.  Florida law defines the role of appointed counsel in guardianship proceedings as follows:

> (1) "Attorney for the alleged incapacitated person" means an attorney who represents the alleged incapacitated person. *The attorney shall represent the expressed wishes of the alleged incapacitated person to the extent it is consistent with the rules regulating The Florida Bar.*

§ 744.102(1), Fla. Stat. (2019) (emphasis added).  Representation of a client's *expressed wishes* in a guardianship proceeding is thus required

---

[5] *See, e.g.*, *Vitek v. Jones*, 445 U.S. 480, 496–97 (1980) (due process right to counsel in hearings for involuntary commitment of prisoner to mental facility); *In re Gault*, 387 U.S. 1, 30–31 (1967) (due process right to counsel in juvenile delinquency hearings); *Pullen v. State*, 802 So. 2d 1113, 1119 (Fla. 2001) (due process right to counsel in involuntary civil commitment proceedings under the Baker Act); *Ivey v. Dep't of Children & Family Servs.*, 974 So. 2d 480, 481 (Fla. 2d DCA 2008) (right to counsel in proceedings for the involuntary commitment of a sexual predator under the Jimmy Ryce Act).

[6] *See J.B. v. Fla. Dep't of Children & Families*, 170 So. 3d 780, 789 (Fla. 2015) (due process right to effective assistance of counsel in termination of parental rights proceedings); *see also K.H. v. Children's Home Society of Fla.*, 120 So. 3d 104, 107 (Fla. 4th DCA 2013) (due process right to counsel for objecting biological father in adoption proceedings); *O.A.H. v. R.L.A.*, 712 So. 2d 4, 4 (Fla. 2d DCA 1998) (due process right to counsel for non-consenting parent in an adoption proceeding).

by section 744.102(1), Florida Statutes, in accord with Florida Bar Rules 4-1.2(a) and 4-1.14.[7]  The language of the statute clearly requires that a lawyer appointed in guardianship proceedings represents the *expressed wishes* and not necessarily the "best interests" of a prospective ward.

The Florida Bar Rules address the role of counsel where the client suffers from mental or physical incapacity.  Florida Bar Rule 4-1.2(a) mandates that "a *lawyer must abide by a client's decisions* concerning the objectives of representation," and "must reasonably consult with the client as to the means by which they are to be pursued." (emphasis added).  Moreover, Florida Bar Rule 4-1.14, which governs representation of a client under a disability, provides that:

> **(a) Maintenance of Normal Relationship.**  When a client's ability to make adequately considered decisions in connection with the representation is impaired, whether because of minority, mental disability, or for some other reason, the lawyer shall, as far as reasonably possible, maintain a normal client-lawyer relationship with the client.

> **(b) Appointment of Guardian.**  A lawyer may seek the appointment of a guardian or take other protective action with respect to a client only when the lawyer reasonably believes that the client cannot adequately act in the client's own interest.[8]

Appellant's counsel struggled with her role because her client was actively manifesting symptoms of a major mental illness:

> [APPOINTED COUNSEL]: . . . . I have two problems.  One is because of her medical condition and her refusal to take medication I'm not sure she has the capacity right now to make the decision about who should represent her.  The second problem is the only way anyone is going to be able to represent her is if that attorney agrees that she is not sick and that people are trying to make her sick, is that correct?

---

[7] For ease of reference, this opinion will refer to the Rules Regulating the Florida Bar as the "Florida Bar Rules," and will refer to a specific rule as a "Florida Bar Rule."

[8] We do not read this section to entitle appointed counsel *in a guardianship proceeding* to counter her client's express wishes not to have a guardian appointed.  Such a reading would conflict with section 744.331(2)(b).

While the plain language of section 744.102(1) clearly requires that an attorney represent the "expressed interests" of an alleged incapacitated person, there is a dearth of Florida cases addressing the obligation of appointed counsel in guardianship proceedings. In cases outside of Florida, courts have held that even where a prospective ward's wishes are contrary to their own best interests, counsel is obligated to advocate for their client's wishes. In South Dakota, the supreme court opined: "Traditionally, an attorney is appointed to zealously advocate for a protected person's wishes, regardless of whether those wishes are in that person's best interests. A court representative (or guardian ad litem), on the other hand, is appointed to act in a protected person's best interests." *In re Guardianship of Stevenson*, 825 N.W.2d 911, 914–15 (S.D. 2013).

New Jersey adopts a similar approach. In *Matter of M.R.*, 638 A.2d 1274, 1284 (N.J. 1994), the New Jersey Supreme court held that, even where counsel is concerned that the prospective ward's illness is causing impairment, the proper role of an attorney in a guardianship proceeding "is not to determine whether the client is competent to make a decision, but to advocate the decision that the client makes." The court explained:

> An attorney proceeds without well-defined standards if he or she forsakes a client's instructions for the attorney's perception of the client's best interests. Further, if counsel has already concluded that his client needs "help," he is more likely to provide only procedural formality, rather than vigorous representation.

*Id.* at 1285 (citations and internal quotation marks omitted). Still, the New Jersey high court acknowledged that the attorney's role "does not extend to advocating decisions that are patently absurd or that pose an undue risk of harm to the client." *Id.* at 1284–85. The attorney's role should be to advocate for the client's choice, "as long as it does not pose unreasonable risks for her health, safety, and welfare." *Id.* at 1286.

An Iowa case takes the same approach as the New Jersey case. In an unpublished decision in *In re Guardianship of Fagan*, No. 17-0785, 909 N.W.2d 443, 2017 WL 5185449 (Iowa Ct. App. Nov. 8, 2017), an Iowa appellate court reversed an order establishing a permanent guardianship over a 71-year-old proposed ward where his appointed attorney, like appointed counsel for Appellant here, misconstrued her role as his guardian ad litem. Mr. Fagan's appointed attorney filed a report recommending that it would be in Mr. Fagan's best interest for the trial court to establish a guardianship, which was contrary to his "desire to live independently and manage his own affairs." *Id.* at *1. The appointed

attorney for Mr. Fagan did not act as his counsel, did not subject the petitioner's case to adversarial testing, did not advocate for his desire to live without a guardian, and did not advocate for a limited guardianship. *Id.* The court held that the appointed attorney operated under an actual conflict of interest by acting as Mr. Fagan's guardian ad litem, rather than as his lawyer. Reversal was "necessary due to Fagan not receiving representation during the course of this proceeding." *Id.* at *2.

Likewise, Appellant did not receive the assistance of counsel as required by statute. While some of Appellant's comments reflected the symptoms of mental illness, many of Appellant's expressed wishes were relevant to this guardianship proceeding. For example, Appellant wanted to confront live witness testimony by cross-examination. She wanted to present evidence. She wanted to testify. She wanted to present argument to the judge why a guardianship should not be imposed.

Section 744.102(1) requires that an appointed attorney "shall represent the expressed wishes of the alleged incapacitated person to the extent it is consistent with the rules regulating The Florida Bar." The statute manifests an intent to ensure that an alleged incapacitated person's voice and wishes are heard and considered. While counsel no doubt believed that Appellant's physical and mental conditions required a guardianship, she still was obligated to represent her client's expressed wishes rather than preventing her from expressing her views.

"[E]ven if an attorney thinks the guardianship would be in the client's best interest, the attorney whose client opposes guardianship *is obligated . . . to defend against the guardianship petition.*" Vicki Gottlich, *The Role of the Attorney for the Defendant in Adult Guardianship Cases: An Advocate's Perspective*, 7 Md. J. Contemp. Legal Issues 191, 201–02 (1996) (emphasis added). In forcing Appellant to go forward with a lawyer advocating for what counsel perceived to be her client's "best interests," rather than the client's "expressed interests," the trial court disregarded Appellant's claims of a conflict of interest, and violated section 744.102(1), Florida Statutes. We therefore reverse the order below establishing a permanent guardianship and remand with directions to appoint conflict-free counsel to represent Appellant at a new hearing on the petition for guardianship.

*Reversed and Remanded for further proceedings consistent with this opinion.*

WARNER and FORST, JJ., concur.

*         *         *

*Not final until disposition of timely filed motion for rehearing.*