DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BERNARDO IRIARTE,**
Appellant,

v.

**CITIZENS PROPERTY INSURANCE CORP.,**
Appellee.

No. 4D19-2845

[November 18, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE-16-019105.

Erin M. Berger and Melissa A. Giasi of Giasi Law, P.A., Tampa, for appellant.

Kristi Bergemann Rothell of Methe & Rothell, West Palm Beach, for appellee.

GERBER, J.

The insured appeals from the circuit court's final orders: (1) granting the insurer's motion for reconsideration of the court's prior order denying the insurer's motion for summary judgment on the insured's breach of contract action; and (2) granting the insurer's motion for summary judgment. The insured primarily argues the circuit court violated the insured's due process rights when, during a hearing on the insurer's motion to strike the insured's estimator as a trial witness, the circuit court granted the insurer's motion for reconsideration and motion for summary judgment, even though neither motion had been noticed for hearing.

Applying de novo review, we agree with the insured's argument. *See VMD Fin. Servs., Inc. v. CB Loan Purchase Assocs.*, 68 So. 3d 997, 999 (Fla. 4th DCA 2011) ("Whether [a] trial court has complied with the guarantees of due process is subject to de novo review."). However, given the extraordinary circumstances which understandably led the circuit court to rule in the insurer's favor, we write briefly to explain what happened.

## *Procedural History*

The circuit court had months earlier denied the insurer's motion for summary judgment after finding that the insured's estimator's affidavit created a genuine issue of material fact as to the insured's damages amount. However, at a later hearing (occurring six days before trial) on the insurer's motion to strike the insured's estimator as a trial witness, the circuit court came to learn that the estimator's affidavit was allegedly fraudulent because the estimator never inspected the property. The circuit court continued the hearing on the motion to strike the insured's estimator to occur five days later (the day before trial); directed the estimator to appear for deposition before the continued hearing; and directed the insured's lead counsel to appear at the continued hearing to answer for the allegedly fraudulent affidavit.

At the continued hearing, the insured's lead counsel failed to appear as directed. Instead, another attorney from the same law firm (the Strems Law Firm) appeared and told the court, "[The insured's lead counsel] is ... prepping for [another] trial." The court responded, "Wow. Go ahead, sir. What's your argument?" The insured's counsel stated the estimator refused to be deposed, and thus the insured's counsel sought to replace the estimator with another witness.

The insurer's counsel responded, in pertinent part, "[The estimator's] affidavit was the sole reason Your Honor denied our motion for summary judgment. This affidavit created a question of fact. Therefore, at a minimum, we believe that the Court should reconsider its prior ruling and grant [the insurer's] motion for summary judgment."

The circuit court asked the insured's counsel if he had anything to add. The following discussion then ensued:

> INSURED'S COUNSEL: Yes, Your Honor. With regards to the [motion for summary judgment], if that needs to be reheard or retried based on the new testimony, that's fine. We can do that.
>
> COURT: Do you want to do it now?
>
> INSURED'S COUNSEL: I am not prepared to make that argument right now, Your Honor.
>
> ....

2

COURT: Thank you, sir. I am going to grant the motion for rehearing. Are you [the insurer's counsel] prepared to argue … the motion for summary judgment?

INSURER'S COUNSEL: Yes, Your Honor.

….

COURT: The floor is yours.

INSURED'S COUNSEL: I'm sorry, Your Honor. If I may, what's going forward?

COURT: Summary judgment.

INSURED'S COUNSEL: May I ask the Court for a brief continuance?

COURT: No, sir. You can ask, but it's denied. This case is set for trial. I mean, the issues are clear to all parties. The facts should be clear to all parties. I understand you're not [lead counsel] -- were you going to be sitting second chair?

INSURED'S COUNSEL: No, sir. I would plead with the Court not to allow the [motion for summary judgment] to go forward at this point, just because I am not prepared to argue it.

COURT: I put your office on notice. I put your office on notice [five days ago], that I want the attorney who's trying the case to be here today. He chose not to come. … The reason why I know he chose not to come is because we got a call from your office, saying that he's in trial.

….

We called [the other judge] and learned that he's not in trial today. So then, we called back your office and informed your office of that …. And then we were told that ["]Oh no; he's preparing for a trial and he could not be here today.["] So he chose not to come here. ….

….

3

So today we're having this hearing to determine one, if [the estimator] should be stricken. I also put you guys on notice that the Court will also determine the veracity of the claims made by [the insurer], that [the estimator] filed this affidavit fraudulently, or at least in bad faith, or at least your office filed in bad faith; and that [the insured's lead counsel] … needs to be here. He chose not to be here.

So we're going forward on [the insurer's] motion for summary judgment. Based on the [insurer's] motion for reconsideration, the Court has granted that motion. And since … this case is up for trial, both sides should be very well-abled and prepared to proceed with the motion for summary judgment.

The insurer's counsel then argued the insurer was entitled to summary judgment, because without the insured's estimator's affidavit, the record did not contain any evidence that the insured's damages amount exceeded his deductible.

The circuit court asked the insured's counsel if he had any response. The insured's counsel answered, "Just to begin, I would like to make it clear, for the record, that I am not prepared to argue the motion for summary judgment. There is no pending notice of hearing on today's motion for summary judgment. However, I've been asked [by the circuit court] to argue it, so I will go forward." The insured's counsel argued simply that the insured's damages amount should remain a jury question.

The circuit court then orally pronounced its ruling:

This Court will grant [the insurer's] motion for summary judgment. That's a final judgment in favor of the [insurer]. The Court finds that the [estimator's] affidavit filed by [the insured] in opposition to [the insurer's] motion for summary judgment, filed … two days before the hearing on the motion for summary judgment, was filed in bad faith.

….

Again, the Court does, or has, granted the motion for reconsideration, and the hearing took place today. Again, for the record, the Court informed the parties … that [the insured's lead counsel] needed to be here today to discuss this

case and any issues regarding this case, since this case was up for trial this week.

[The insured's lead counsel] is not here, chose not to be here, despite the Court's order. [The insured's lead counsel] is not in trial, as claimed by his office; so there's no reason why [the insured's lead counsel] is not here, or at least the Court hasn't heard any valid reason why [the insured's lead counsel] is not here. So the Court finds that all parties were noticed today on the hearing today, on the matters regarding this case. All parties with knowledge of this case should have been here to address any issues, any outstanding issues in this case.

… So you make the choice, and you live with the consequences. ….

The circuit court entered a written order conforming to the court's oral pronouncement.

The insured filed a motion for rehearing. The motion alleged, in pertinent part, that at the continued hearing on the insurer's motion to strike the insured's estimator as a trial witness, the circuit court re-heard the insurer's motion for summary judgment which had not been noticed for hearing. According to the insured, this deprived the insured of due process regarding the lawsuit's ultimate disposition.

The circuit court entered an order summarily denying the motion for rehearing. This appeal followed.

### *Our Review*

We three former circuit court judges, having experienced similarly frustrating if not unprofessional lawyering as the circuit court experienced here, fully understand the circuit court's actions. Frankly, if we had been in the circuit court's position, we may have done the same. But due process principles require us to reverse.

We recognize it is well settled in this state that a circuit court has the inherent authority to reconsider any of its interlocutory rulings before the entry of a final judgment or final order in the cause. *See Bettez v. City of Miami*, 510 So. 2d 1242, 1242-43 (Fla. 3d DCA 1987) ("[W]e reject the plaintiff's contention that the trial court had no authority to entertain the defendant['s] motion to reconsider the trial court's prior interlocutory

5

ruling denying the defendant's motion for summary judgment, and to thereafter enter a summary judgment for the defendant.").

However, we have held such inherent authority remains subject to due process requirements. *See Mason v. E. Speer & Assocs., Inc.*, 846 So. 2d 529, 536 (Fla. 4th DCA 2003) ("Although a trial court has the inherent authority to reconsider a non-final order and modify or retract it, the trial court in the instant case never gave any indication that it was going to reconsider the summary judgment order and never modified or retracted the order.").

Because the circuit court never gave any indication that it was going to reconsider the summary judgment order until the middle of the hearing on the insurer's motion to strike, the insured was denied due process. Given the extraordinary circumstances described above, we would have accepted due process being satisfied if the circuit court had given the insured only until the following morning (even if it was the morning of trial) to re-hear the insurer's motion for summary judgment. But without any advance notice, we are compelled to reverse the summary judgment. We do not reach the insured's second argument that the circuit court reversibly erred in granting the insurer's motion for summary judgment based upon unauthenticated and unsworn documents. We trust all issues will be resolved on remand.

*Reversed and remanded.*

CONNER and KLINGENSMITH, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**